## CHAFEE v. CITY OF AIKEN.

1. CITIES AND TOWNS—STREETS—JURY.—What is a reasonable time within which a town must do some act to show its acceptance of a street, is for the jury, and in deciding it they may take into consideration not only time, but all facts surrounding the case.

2. JURY—AIKEN.—There was evidence here tending to show what map of the town of Aiken the legislature considered when granting it a charter, and there being some doubt as to which plat, the question was properly sent to jury.

3. CITIES AND TOWNS—STREETS—BURDEN OF PROOF.—When a municipal authority shows acceptance by the use of a part of a street, the burden of proof is on the other side to show that it did not extend to the entire street.

4. IBID.—IBID.—A dedicated street may be accepted by a municipality in many other ways than by formal resolution.

5. IBID.—IBID.—Resolution of a town council properly construed not to deprive it of the right to open a part of a street.

6. IBID.—IBID.—MERE NON-USER for a period of twenty years will not amount to such an abandonment as will bar the right of the town to open a street.

7. IBID.—IBID.—ESTOPPEL—JURY.—Municipality is not estopped, by merely remaining quiet for twenty years and permitting another to occupy a portion of a street, from asserting its right to open it, unless its conduct makes it inequitable for it to set up its claim, and this is for the jury.

8. HARMLESS ERROR.—If any, it is harmless error to construe an act put in evidence without objection, which it is not necessary to construe in that case.

9. ESTOPPEL by conduct arises where there has been some act com-

mitted in consequence of which the party who sets it up has acted to his detriment or changed his position, or where party who should speak remains silent.

10. CITIES AND TOWNS—TAXES—JURY.—Acceptance knowingly by municipality of taxes on a part of a street enclosed by a taxpayer, is a circumstance to be considered by the jury in determining whether municipality had not abandoned its right to open the street:

11. REHEARING refused.

Before BENET, J., Aiken, March, 1899.      Affirmed.

Action by Mrs. W. H. Chaffee against city of Aiken and B. L. Lambert. From judgment for defendants, plaintiff appeals.

*Messrs. G. W. Croft & Son,* for appellant, cite: *As to reasonable time for acceptance of a street:* 44 Mich., 467; 67 Hun., 546; 97 Ia., 599; 14 Col., 647; 70 Id., 476; 31 Id., 388; 42 Id., 552; 64 Id., 502; 69 Tex., 449; 6 Vt., 355; 67 Tex., 345; 61 N. Y., 448; 48 Miss., 423; 32 Mich., 279; 124 Ill., 235; 88 Id., 208; 81 Col., 70. *As to submitting to jury question upon which there is no evidence:* 60 A. D., 563; 26 A. D., 681; 24 A. D., 326; 66 A. D., 321, 599; 81 A. D., 521; 27 A. D., 297; 67 A. D., 658; 97 A. D., 478; 29 S. C., 161; 8 A. S. R., 242; 15 Id., 819, 778; 10 Id., 772; 92 A. D., 703; 57 Id., 580; 16 Id., 311; 15 S. C., 95; 16 S. C., 634; 47 S. C., 71; 14 S. C., 510; 55 S. C., 418. *Acceptance by town of some streets on its plats does not operate as acceptance of all:* 86 Col., 405; 48 Conn., 416; 107 Ill., 217; 141 Ill., 109; 68 Ia., 296; 65 Md., 514; 32 Mich., 279; 27 A. D., 554; 47 N. E. R., 191; 23 Minn., 513; 108 Mich., 629. *The city is now estopped from claiming this street:* 37 S. C., 327; 2 Bay, 282; 31 Ill. App., 285; 27 Ia., 599; *and has lost the right by failure to accept plat:* 49 Mo., 509; 27 A. D., 554; 83 A. D., 267; 15 A. S. R., 28; 79 A. D., 589; 6 Pet., 440; 5 Strob., 217. *As to estoppel by conduct:* 25 Ind., 458; 1 Wall., 274; 10 A. & E., 90; 93 Ind., 570; 25 Id., 458.

*Messrs. Hendersons,* contra, cite: *As to submitting to jury what map legislature contemplated:* 7 Rich., 435. *As to ac-*

*ceptance of street:* 2 Hill, 389; 5 Strob., 218; 7 Rich., 435. *No title by adverse possession of street:* 37 S. C., 334. *As to estoppel:* 13 S. C., 29, 370; 42 S. C., 531; 10 Am. St. R., 309; 37 S. C., 335; 53 S. C., 5; 2 Wall., 32; 23 S. C., 69; 39 Pac. R., 812.

The opinion in this case was filed April 23, 1900, but remittitur stayed on petition for rehearing until

May 9, 1900. The opinion of the Court was delivered by

Mr. Justice Gary. This is an action for the purpose of restraining the city of Aiken from entering upon a lot, which the plaintiff alleges belongs to her, and opening a street across the same; also, for damages on account of the destruction of a number of shade trees. The defendants deny the title of the plaintiff, and contend that the *locus in quo* is a part of the Faubourg street, which the city of Aiken claims both by statutory and common law dedication. The jury rendered a verdict in favor of the defendant.

The plaintiff appealed upon exceptions, the first of which is as follows: "1. Because his Honor, the presiding Judge, charged the jury: 'The public authorities, county commissioners, town council, as the case may be, will be held to have refused, if within a reasonable time after the dedication by the owner, nothing has been done by the authorities. How much time is a reasonable time, is for the jury to determine in a given case. The jury is to consider all of the circumstances surrounding the case, evidence of the size of the town, population, the direction in which the town may be extending, and other circumstances which may or may not account for the interval of time elapsing between a dedication and acceptance.' In this it is submitted that his Honor erred, for he should have charged the jury that under the law twenty years was a reasonable time, and if the town had not accepted the dedication or done some act showing that it intended to accept the street within that period, then

they could not legally do so afterwards, where intervening rights have accrued." The first, second and third of the plaintiff's requests, which his Honor charged, and the authorities relied upon, both by the appellant and respondents, recognize the correctness of the proposition that the acceptance of the property dedicated, must take place within a reasonable time. The law charged was sound in principle. If the presiding Judge had charged that twenty years was a reasonable time, he would have deprived the jury of the right to determine a question which was peculiarly within their province. In reaching a conclusion as to whether the time was reasonable, the jury had the right to take into consideration, not only the time that had elapsed, but all the other facts and circumstances in the case.

The second exception is as follows: "2. Because his Honor, the presiding Judge, charged the jury: 'It is for you to say what evidence there was of the particular streets and alleys that were in contemplation by the then General Assembly, and I must charge you that the streets and alleys did not go beyond a mile from that railroad bridge. You are to say from the testimony, if any testimony there be, what streets and alleys were at that time in contemplation of the legislature that granted this act of incorporation. It is important to bear this in mind, does the evidence in this case show that any specific plan or plat or map of the intended town of Aiken was considered by the legislature, and does the evidence in this case show what streets and alleys were referred to by the legislature in the act of the Assembly I have quoted between the limits of one mile from the railroad bridge.' In this it is submitted that his Honor erred, because there was no evidence touching this matter, and he, therefore, should not have submitted this proposition to the jury; and his Honor further erred in leaving it to the jury to construe whether the act of the General Assembly referred to any plan or map of the town of Aiken, but, to the contrary, he should have instructed the jury that said act did not refer to any plan or map." The cases of the *State* v.

*Lythgoe,* 6 Rich., 112, and *Town Council* v. *Lythgoe,* 7 Rich., 435, dispose of several questions that have arisen in this case. In those cases the Court had before it the map of Pascalis and Dexter, while in this case it had before it the plat of Thomas Anderson, representing a part of the town of Aiken as laid out by the South Carolina Canal and Railroad Company, dated 31st of May, 1834. This disposes of so much of the exception as alleges that there was no evidence upon which the question could be submitted to the jury. The other question raised by the exception is disposed of by what was said in *Town Council* v. *Lythgoe, supra.* In speaking of the acts of 1835 and 1836, the Court says: "Did they refer only to such (streets) as were then open and in use, or to such as were designated on a certain plat or plan of a town called 'the town of Aiken,' constructed as early as September, 1834, at the instance of the South Carolina Canal and Railroad Company. Now the language of the legislature is not of clear and precise import—the subject matter, as it regards the question here, is uncertain; there is a latent ambiguity—evidence and reasoning on both sides have been resorted to, in this case as that of State *v.* Lythgoe, for the purpose of expounding it. We cannot and need not repeat here, all that has been and may be said on either hand. If the meaning of the words used by the legislature be legitimately a question of doubt and of fact—if evidence be legitimately receivable upon it—it should have gone to the jury; and this much was adjudged in the former case, in relation to a contest involving the very same point, resting upon the same basis, though the complaint of the plaintiffs made through the State related to a different street. But the instruction to the jury was that no power had ever been given to the plaintiffs to open new streets in the town of Aiken, except by a strict compliance with the act of 1825 (regulating the action of commissioners of roads), that the power of the corporation was confined to the keeping open and in repair of such streets only as were in existence at the date of the charter; and that in that charter, or the amendment of 1836,

there was not the slightest reference to the map of Pascalis and Dexter. Presuming always that the jury are guided by material instructions from the Court when they find accordingly, it is manifest that they excluded from their deliberations any inquiry whether the act of Assembly adopted streets indicated upon the plan of Pascalis and Dexter. If this be right, it seems this Court ought to have remanded for a new trial the case of the State *v.* Lythgoe, wherein the said inquiry was submitted to the jury upon evidence, then heard; and their finding that the street then in question was established as a public road in the town of Aiken, was approved in this Court." There was the same necessity for submitting the question to the jury in this case that there was in the case just mentioned, and there was no error in so doing.

The third exception is as follows: "3. The plaintiff's eighth request is as follows: 'If an owner of land lays off a street on a plat within the corporate limits of the town, intending thereby to dedicate such street as a public way, then the town has the right to accept or use the whole or a part of such street as it deems proper; and if the town has accepted or used a part of said street, and has allowed the rest of said street to remain unopened, then it would not necessarily follow that because it has used one part, that it had accepted the whole of the street through its entire length. Under such circumstances, if it is plain that said street is a public way through its entire length, those who make such claim would be called upon to show by the evidence that the town did, in fact, accept the whole of said street as a public way through the unopened part.' It is submitted that said request is a correct proposition of law, and his Honor, the Circuit Judge, erred in refusing to charge same." The Circuit Judge said: "I cannot charge you that, because a street is a street in its entirety. To charge this law would make it possible to take up a long street in spots. Where a street is dedicated, it is a matter of fact for the jury to say whether the town authorities have done any act to show acceptance of it as a street. I cannot hold that; that

request is not allowed." If the Judge had charged as requested, the jury might naturally have supposed that they could not infer an acceptance of the entire street from the use of a part thereof; that acceptance of the unopened part would have to be established by evidence additional to that which showed acceptance of the part that was used, and this would have been misleading. When the municipality shows acceptance by the use of a part, the burden of proof is on the opposite party to show that it did not extend to the entire street. In the case of Town Council *v.* Lythgoe, it seems that the only act showing acceptance of the entire street was the digging of a well by the town authorities in the street beyond the *locus in quo.* The presiding Judge did not err in refusing to charge the request.

The fourth exception is as follows: "4. The plaintiff's ninth request is as follows: 'That if the jury find from the evidence that B. M. Rogers had what is called Faubourg street laid off on a plat, and intended thereby to dedicate the same to the town as a street, but the town has never formally accepted the same, and that the town authorities remained quiet for a great number of years, and without objection allowed O. J. Chaffee and others to make improvements upon the lot that is now claimed as a street, that it would be inequitable for the town now to make such claim, then it would in law be estopped from so doing.' It is submitted that this request contains a correct proposition of law, and his Honor, the Circuit Judge, erred in refusing to charge the same." The Circuit Judge said: "That is not, in my opinion, good law—to require formal acceptance. The acceptance may be virtual. This requires formal acceptance; therefore, I refuse that." There was no testimony tending to *show formal* acceptance, and for the Judge to have charged as requested would have eliminated from the consideration of the jury other well recognized modes of acceptance, such as using, repairing or working the streets, as well as many others mentioned in the text-books. It is not error

33—57

to refuse to charge a request unless all the propositions of law therein contained are sound.

The fifth exception is as follows: "5. The plaintiff's tenth request is as follows: 'If the jury believe that Beverly M. Rogers intended to give a street known as Faubourg street, as represented on the Anderson and Mahon plats of the city of Aiken, but that the city council of Aiken passed resolutions refusing to accept the Mahon plat with Faubourg street upon it, then it has lost its right to open said street.' It is submitted that this is correct proposition of the law, and his Honor, the Circuit Judge, erred in refusing to charge the same." The resolution is as follows: "Be it resolved, as the survey made by Mr. Mahon, of the town of Aiken, is to be investigated as to its correctness, and as shown by his survey (if found correct) that it will come hard on the citizens generally to move their houses, as they have already formed a line with their fences and houses, be it resolved, that we will not adopt the survey, but let the present line as now formed be the guide for all persons now building or putting up fences hereafter." The presiding Judge, in refusing to charge the request, said it would be an effort on the part of the Court to interpret evidence. After reading the resolution, he continued as follows: "The purport of that resolution seems to be not to disturb the lines then existent, and I could not hold that the effect was to deprive the town council of any right in Faubourg street, if they had any." If the Judge had charged as requested, he would have virtually taken from the consideration of the jury the question whether the city had lost its right to open said street, and this would have been an invasion of their province. There was, therefore, no error refusing the request.

The sixth is as follows: "6. The defendant's fifth request is as follows: 'That by the act of incorporation of the town of Aiken passed by the General Assembly in the year 1835, it was made the duty of the intendant and wardens to keep all roads, streets and alleys within said limits (that is, within the limits of the town) open and in good re-

pair, and for that purpose they are invested with all the powers granted by the law to the commissioners of roads. And that if the jury find that the legislature intended thereby to set apart and devote to public and corporate uses such places as they may find were marked out upon any plan of the town of Aiken, and that said plan or town included said Faubourg street, as a street, then the jury is charged that the legislature had the power to invest such places with the character of streets or highways. And the jury is further charged that it was immaterial whether, at the time of the passage of said act by the legislature, the street had been entirely open and fit for all uses. It is enough if they find that the legislature distinctly designated it as a street. And if they so find, then in the investigation of this case, they must consider Faubourg street as an established dedicated street in said town by legislative authority.' It is submitted that his Honor erred in leaving it to the jury to construe the act of the General Assembly, to find whether said legislature had in contemplation any map or plan when the town of Aiken was incorporated, for it was the duty of his Honor to construe said act. And his Honor further erred in submitting to the jury the question whether the General Assembly had in contemplation any map or plan when the town of Aiken was incorporated, when there was no evidence upon this point whatever." This exception is disposed of by what was said in considering the second exception.

The seventh exception is as follows: "7. His Honor erred in charging the third request of the defendants as follows: 'The jury is charged that if they find that the space in question was set apart as a street called Faubourg street by the act of the legislature of 1835, or that the same was dedicated by B. M. Rogers and accepted by the corporate authorities of the town of Aiken, then as a matter of law, they are charged that the ancestors or predecessors of the plaintiff in this action could not acquire title to said space or street by adverse possession, no matter how long

they may have occupied the same, for the reason that adverse possession could not be set up against the town of Aiken, the same being a municipality. And the jury is further charged that the mere non-user of such space or street by the town authorities for a period of twenty years will not amount to such an abandonment as would destroy the rights of the public to open said street.' For it is submitted that it was improper to leave to the jury whether the act of the legislature of 1835 did set apart Faubourg street—that he should have construed said act himself. And his Honor further erred in charging that the mere non-user of such space or street for a period of twenty years would not amount to a public abandonment or destroy the right of the public. But he should have charged to the contrary, that the holding of said street for a period longer than twenty years, by any one holding the same in his own right, would destroy the right of the town after that period to open the same." In view of the decision in the case of *Crocker* v. *Collins,* 37 S. C., 327, deciding that a municipal corporation cannot be barred of its right to a street or alley by adverse possession, the appellant's attorneys withdrew so much of said exception as relates to that point. So much of the exception as assigns error because the Circuit Judge left it to the jury to say whether Faubourg street was set apart by the act of the legislature of 1835, has already been disposed of. The only remaining question under this exception is whether the presiding Judge erred in charging that the mere non-user of the streets by the town authorities for a period of twenty years would not amount to such an abandonment as would destroy the right of the public to open the street. In the case of *Crocker* v. *Collins, supra,* Mr. Chief Justice McIver, after stating that mere adverse possession for the statutory period of a street or alley in a town would not confer a good title, proceeds as follows: "Upon the same principles, we do not think that mere non-user of a street or alley of a town, for a period of twenty years, would amount to such an abandonment as

would destroy the rights of the public." This is sound in principle, and disposes of the question.

The eighth exception is as follows: "8. Because his Honor erred in charging the fourth request of the defendant, as follows: 'That on the question of estoppel, raised by Mrs. Chaffee against the city council, as to holding Faubourg street as a street, the jury is charged that the burden of proving the estoppel is on her, and that as under the act of the legislature incorporating Aiken, up to the year 1889, there was no authority given to the corporate authorities to contract as to the sale or disposition of the streets of Aiken, they could not be estopped by any act of theirs, for in order to have estopped said authorities they must have had the power to contract concerning the matter out of which the estoppel arises.' For it is submitted that said request does not state the law, and that his Honor should have charged to the contrary, that if the town or city of Aiken remained quiet and allowed the plaintiff or her predecessors to take possession of and improve said land as their own property for more than twenty years, then the defendants would be estopped from asserting any right to claim said lot as a street against the plaintiff and those under whom she claims." We do not see how the presiding Judge could have charged in the manner the appellant contends without invading the province of the jury. If the city was estopped, it was by reason of its conduct, and depends upon the time and manner in which it acted. It has been shown that neither adverse possession nor mere non-user for twenty years would estop a municipality from asserting its right to open a street, and there is no reason why remaining quiet for twenty years, while the property was being improved by others, should estop it, unless its conduct was such as to make it inequitable to set up its claim, and this was a matter to be determined by the jury.

The ninth exception is as follows: "9. Because his Honor erred in charging the defendants' fifth request as follows: 'That under the act passed in the year 1889, incorporating

the city of Aiken, the city authorities, with the consent of adjacent landowners, had the right to sell the freehold of any street, as they deemed best, and hence after the date of said act, as they had the power to contract with the consent of adjacent landowners, if they did any acts amounting to an estoppel with the consent of adjacent landowners, said acts of estoppel being acted upon by Mrs. Chaffee, or those from whom she claims, then said plea would be established, and in this connection the jury is charged that the consent of adjacent landowners, set forth in the charter of the city, means not only those who are at just the part of the street that it is claimed is occupied, but includes all landowners on the street in question, called Faubourg street, whose lands are near or close or contiguous but not necessarily actually touching the spot in question. That is to say, such landowners along the street who would be impeded in the use of the street by its being closed at the point in question.' For there was no testimony whatever in the case that made the proposition of law contained in this request applicable to the case before the Court, and to charge the same was confusing to the jury, and his Honor should have declined to charge such request." This act was introduced in evidence without objection, and being in evidence, its construction was proper. No error is assigned in the construction of the act, but simply, that it should not have been construed at all. Even if there was error, it was harmless, especially as the law was clearly laid down by the presiding Judge in his general charge.

The tenth exception is as follows: "10. Because his Honor erred in charging the defendants' sixth request as follows: 'In considering the question of estoppel and the facts and circumstances claimed by the plaintiff as matters out of which an estoppel arises against the city of Aiken, the jury is charged that an estoppel cannot exist where the knowledge of both parties is equal, and nothing is done by the one to mislead the other. Estoppel by conduct cannot arise unless there has been some act committed upon

which the party who sets up the estoppel has acted to his detriment and changed his position. Mere non-action on the part of the city as to the occupation of the alleged street in question cannot amount to an estoppel. The jury must find not only that the city or its predecessor, the town of Aiken, did something to recognize the occupation of the street, but that those who claim that they occupied it were influenced so to do by the acts of the corporate authorities.' For it is submitted that the owner of land who stands quietly by and sees another appropriate and improve the same, may be estopped from afterwards asserting a title thereto, as well as where statements were made causing such other person to act and make improvements upon the land in question. Silence, when it is the duty of one to speak, will be effective of estopping him in a proper case." As a general proposition, the law set forth in the request is sound, and if the appellant desired the Judge to charge the proposition for which he contends, a request should have been prepared to that effect. The subject of estoppel is fully and exhaustively discussed in the note to *Williamson* v. *Jones,* Am & Eng. Dec. in Eq., vol. 4, p. 222, and the request is in harmony with the principles there stated.

The eleventh exception is as follows: "11. Because his Honor erred in charging the defendants' seventh request as follows: 'The jury is charged as matter of law that the reception by the city clerk or treasurer of taxes from Chaffee on the place in question cannot estop the city authorities from claiming it as a street, for if it was a street dedicated to and accepted by the public, it was not subject to taxation; and further, the said clerk or treasurer was a mere ministerial officer, and could not by his acts bind the city council.' For it is submitted that if a city or municipality for a long series of years levies taxes upon a lot with the knowledge that it is claimed by the occupant as his property, then it would be estopped from asserting title thereto." The Judge said: "I charge you that for another obvious reason, the law provides a means by which taxes illegally col-

lected can be recovered, and if it be a fact that the taxes are illegal taxes, if that be a fact, there is a remedy." There was error in charging this request. As a general rule, the fact that a municipality receives payment of taxes, is a circumstance to be considered by the jury in determining whether the municipal authorities had abandoned their right to open a street which had been dedicated to the public. While, however, there was error, it was not such as necessitates a reversal of the judgment, for the following reasons: 1st. Because the tax receipts do not show upon their face that any part of Faubourg street was included in the property upon which the taxes were paid. 2d. Because there was no testimony showing that the defendant had notice that the plaintiff was paying taxes (if such be the case) upon any part of the said street; on the contrary, the treasurer of the city testifies that he did not have any knowledge of the fact, and the plaintiff's husband testifies that he did not give the notice until after the commencement of this action. The error was, therefore, harmless.

The twelfth exception related to adverse possession, and as it was in conflict with Crocker *v.* Collins, was withdrawn.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

Upon filing of petition for rehearing, on May 3, 1900, the remittitur was stayed until May 9, 1900, when the petition was refused by following order

PER CURIAM. After careful consideration of this petition we do not find that any material fact or principle of law has either been overlooked or disregarded; and hence there is no ground for a rehearing.

It is, therefore, ordered, that the petition be dismissed, and that the stay of the *remittitur* heretofore granted be revoked.