16642

OUTLAW *ET AL.* v. MOISE
(71 S. E. (2d) 509)

*Mr. Marion Moise,* of Sumter, *for Appellant,*

*Merrs. Schwartz & Schwartz,* of Sumter, *for Respond-ents,*

June 26, 1952

Oxner, Justice.

The pleadings and issues involved on this appeal are summarized in the agreed "Statement" as follows:

"The complaint alleges in substance that sometime prior to December 27, 1905, the then owners of a tract of land then outside the limits of the City of Sumter, but now incorporated within said limits, caused the same to be surveyed and platted showing certain streets on said plat and that the same was subdivided into lots and blocks and thereafter the said plat was recorded in the office of the Clerk of Court for Sumter County. That among the streets shown on said plat were certain streets designated Carolina Avenue, Folsom Street and Georgia Avenue, but that the name of Folsom Street has since been changed to Brunson Street and the name of Georgia Avenue has since been changed to Milton Avenue. That lots were sold to different purchasers according to said plat and through various and sundry conveyances the respondent, Moise Outlaw, is now the owner of a lot which fronts on Carolina Avenue and also owns a lot which fronts on Folsom Street (now Brunson Street), the respondents, Gantt, are the owners of a portion of a lot located at the corner of Carolina Avenue and Folsom Street (Brunson Street) and the respondent, Brunson, is the owner of a lot which fronts on Carolina Avenue. The complaint further alleges that the appellant is the owner of several lots of land fronting on Georgia Avenue (Milton Avenue) and has unlawfully and without authority attempted to and closed up two hundred (200') feet of Folsom Street (Brunson Street) and prevented the respondents and others similarly situated and the public from using that portion of Folsom

or Brunson Street for a distance of two hundred (200′) feet from Georgia Avenue (Milton Avenue.) The respondents also allege that said street has been open to the public and used by the public until the same was closed by the appellant and that they bring this suit for the enforcement and preservation of the use of the property dedicated for the use of the street and ask that the appellant be enjoined from interfering with respondents in their use of said street and that the same be permanently opened as a public thoroughfare.

"In due time the appellant served his answer to the complaint which answer in substance set up a general denial and denies that the portion of Folsom Street (Brunson Street) referred to in the complaint has ever been open to the use of the respondents, their predecessors in title or the public in general. The answer further alleges that the land shown on said plat was composd of two separate and distinct parcels of land, one of which is called the Levi-Fantl tract, the remainder of which is now owned by the appellant and no part of the Levi-Fantl tract was ever sold or disposed of by the owners thereof according to said plat. That prior to January 31, 1908, the owners of the entire Levi-Fantl tract of land specifically abandoned and renounced any and all easements through, over or upon said tract of land. The answer further sets out that any and all conveyances made from the Levi-Fantl tract of land were made from other plats, all of which were spread upon the records of Sumter County with no reference whatsoever to the plat referred to in the complaint. For a fifth defense the answer alleges that the appellant and his predecessors in title have been in open, notorious, exclusive, continuous and hostile possession of the Levi-Fantl tract of land and all easements over and across the same for a period of time in excess of twenty (20) years and for a sixth defense alleges that the cause of action set forth in the complaint is barred by the Statute of Limitation set forth in Section 385, Code of Laws of South Carolina for 1942, in that the appellant and his predecessors in title had been in

possession of said tract of land for more than forty (40) years prior to the commencement of this action and that neither the respondents, their ancestors or grantors had been in possession thereof or any easements in, upon or over the same for a period of forty (40) years prior to the commencement of this action. The answer further alleges that the appellant is the owner in fee of said tract of land, free and clear of all easements except a specific easement granted to the City of Sumter to install a sewer line across the same.

"In due time the respondents demurred to the fifth and sixth defenses set up in the answer of the appellant on the ground that the same did not allege facts sufficient to constitute a defense to the complaint.

"The matter was taken under advisement by the Honorable G. Duncan Bellinger, then presiding over the Court of Common Pleas for Sumter County, who subsequently filed his order sustaining the demurrer for the reasons set forth in said order. Notice of intention to appeal from the order of Judge Bellinger was served and this appeal follows."

It is well established in this State that title to property dedicated to and used by the public for streets and highways cannot be acquired by prescription or adverse possession as against the State or any of its political subdivisions. *Crocker v. Collins,* 37 S. C. 327. 15 S. E. 951; *Grady v. City of Greenville,* 129 S. C. 89, 123 S. E. 494, 495. The great weight of authority elsewhere is to the same effect. *Schoenberg v. O'Connor,* 116. N. J. L. 398, 185 A. 377; *Steele v. Fowler, Mayor,* 111 Ind. App. 364, 41 N. E. (2d) 678; *Huddleston v. Deans,* 124 W. Va. 313, 21 S. E. (2d) 352. The underlying reason for this rule is that the corporate authorities of a municipality or other governmental unit are without power to sell or alien property devoted to such purpose. In *Crocker v. Collins, supra* [37 S. C. 327, 15 S. E. 953], the court stated "that mere adverse possession for the statutory period of a street or alley in a town, which is a public highway, cannot confer

title; but, where such possession is accompanied with other circumstances which would render it inequitable that the public should assert its rights to regain possession, then, upon the principle of estoppel, a party may be protected against the assertion of right by the public in order to prevent manifest wrong and injustice." It is equally well settled that a private easement may be lost by adverse possession. *Bowen v. Team,* 6 Rich. 298; *Southern Railway Co. v. Beaudrot,* 63 S. C. 266, 41 S. E. 299; *DuPont v. Charleston Bridge Co.,* 65 S. C. 524, 44 S. E. 86; 17 Am. Jur., Easements, Section 145; 28 C. J. S., Easements, § 63.

The correctness of the foregoing principles seems to be conceded by the parties. Their dispute relates mainly to the character of the easement involved in this action. Appellant contends that it is a private one, while respondents assert that it is a public easement. The court below, in sustaining the demurrer to the fifth and sixth defenses interposed by appellant, held that although the street in controversy had never been formally accepted by the public authorities, there had been a dedication to the public and that title to said street could not "be acquired by adverse possession against the State or any subdivision thereof."

We think the pleadings raise sharp issues of fact with reference to the nature of the easement involved, and that the applicability of the defenses eliminated by the court below cannot be determined until the facts are settled. It is alleged in the complaint that the street in question "has been open to the public and used by the public, and by the plaintiffs and others and prior lot owners in said subdivision, since said plat was placed upon the public records for Sumter County", until it was closed by appellant shortly prior to the bringing of this action. This allegation is denied in the answer and it is stated that the portion of the street in controversy "was never open to the use of the plaintiffs, their predecessors in title or the public in general." It is further alleged that the land described in the complaint was

composed of two separate and distinct tracts, one known as the Moses-Lynam tract and the other as the Levi-Fantl tract, that no portion of the last mentioned tract had ever been sold according to the plat referred to in the complaint, and the owners thereof had specifically abandoned and renounced any and all easements therein.

It is generally held that where land is divided into lots according to a plat thereof, showing streets, and lots are sold and conveyed with reference to said plat, the owner thereby dedicates the street to the public. Ordinarily there must be an express or implied acceptance before the dedication is complete, 16 Am. Jur., Dedication, Section 31, and such acceptance must be made within a reasonable time. *Chafee v. City of Aiken,* 57 S. C. 507, 35 S. E. 800. However, "as between the owner, who has conveyed lots according to a plat, and his grantee or grantees, the dedication is complete when the conveyance is made, even though the street is not accepted by the public authorities." 16 Am. Jur., Dedication, Section 31. In the recent case of *Cason v. Gibson,* 217 S. C. 500, 61 S. E. (2d) 58, the court held, quoting syllabus: "Where plaintiff purchased a corner lot with reference to recorded subdivision map which showed lot to front on certain street and thereafter defendants separately purchased lots which contained a portion of street which bounded plaintiff's lot, plaintiff had such a special property interest in street as to entitle him to maintain suit for preservation of street even though dedication had never been accepted by municipal authorities."

The great weight of authority recognizes a distinction between public and private easements arising from subdividing property and the sale of lots according to a plat thereof. It is said in Dillon on Mun. Corp. (5th Ed.), Sec. 1090:

"In this connection it must be kept in view that the platting and sale create certain rights in the grantees of the original

owner, which, as between the grantor and the grantee, are irrevocable in their nature.

"But other decisions recognize a clearly defined distinction between the rights acquired by the public through dedication effected by platting and sale, and the private rights acquired by the grantees by virtue of the grant or covenant contained in a deed which refers to a plat, or bounds the property upon a street through the grantor's lands. These decisions adopt the view that where lands are platted and sales are made with reference to the plat, the acts of the owner in themselves merely create private rights in the grantees entitling the grantees to the use of the streets and ways laid down on the plat or referred to in the conveyance. But these rights are purely in the nature of private rights founded upon a grant or covenant, and no public rights attach to such streets or lands until there has been an express or implied acceptance of the dedication, evidenced either by general public use or by the acts of the public authorities. In this view, the making of the plat and the sale of lands with reference thereto are merely evidence of an intent to dedicate, which like every other common law dedication, to be made complete and carried into effect so as to create public rights, must be accepted and acted upon by the public."

In determining the question before us, it must be kept in mind that the City of Sumter is not seeking to have the obstruction complained of removed. Its right to require the opening of this street is not now before the court for adjudication. This action is prosecuted solely by respondents as owners of lots in said subdivision. Does their right to use said street constitute merely a private easement? This question cannot be answered until the case is tried. We think the court below erred in assuming that the easement was a public one. The facts alleged in the answer tend to show a private easement which may be lost by adverse possession. We cannot now anticipate whether these facts will be sustained by the evidence and, if so, whether

appellant can show the elements necessary to constitute adverse possession. We only hold now that there was error in sustaining the demurrer to the fifth and sixth defenses interposed by appellant. This conclusion is fully sustained by the following authorities. *Foster v. Atwater,* 226 N. C. 472, 38 S. E. (2d) 316; *Swedish Evangelist Lutheran Church v. Jackson,* 229 Ill. 506, 82 N. E. 348; *Petition of Munroe,* 245 Mass. 474, 139 N. E. 828; *Brewer v. Claypool,* 223 Iowa 1235, 275 N. W. 34; *Board of Com'rs of Jefferson County (Lakewood Grange No. 172, Intervener) v. Warneke,* 85 Colo. 388, 276 P. 671; *Pulcifer v. Bishop,* 246 Mich. 579, 225 N. W. 3; *Rudolph v. Glendale Improvement Co.,* 103 W. Va. 81, 137 S. E. 349.

The decision of the court below was rested largely upon *Cason v. Gibson, supra,* 217 S. C. 500, 61 S. E. (2d) 58, but this case did not involve the question of adverse possession.

The order appealed from is reversed.

BAKER, C. J., and FISHBURNE, STUKES and TAYLOR, JJ., concur.