17120

W. B. CORBIN, Appellant, v. CHEROKEE REALTY COMPANY and the CITY OF FLORENCE, Respondents

(91 S. E. (2d) 542)

*Messrs. Arrowsmith & Palles,* of Florence, *for Appellant,*

*Henry E. Davis, Esq.,* of Florence, *for Respondent, Chero-kee Realty Company,*

*Wylie H. Caldwell, Esq.,* of Florence, *for Respondent, City of Florence.*

February 17, 1956.

OXNER, Justice.

Appellant, who owns several lots of land bordering on Langston Avenue, a street in a subdivision known as Florenza Heights in the City of Florence, and who claims title to a portion of said street by adverse possession, brought this action to enjoin respondents from entering upon his property "for the purpose of constructing or opening the said Langston Avenue", and "from constructing or opening said Langston Avenue in any manner inconsistent" with a plat of said subdivision under which he purchased his lots. Upon the filing of the complaint, the Court issued an injunction *pendente lite*. After issues were joined, the action was referred to the Master for Florence County for the sole purpose of taking the testimony. Upon the testimony so taken, the case was heard by the presiding Judge who later issued an order refusing an injunction and dismissing the action.

The plat of Florenza Heights dated June 21, 1927 and recorded on September 16, 1927, shows Langston Avenue, designated on the plat as Langston Place, as having a width of 120 feet. The plat shows symbols and markings on each side and in the middle of this street, which the surveyor

testified were made to indicate an area for the planting of shrubbery on each side and trees in the middle. Shortly after said plat was made in 1927, appellant purchased from Florenza Company, which owned said subdivision, a lot at the intersection of Beverly Avenue, and Langston Avenue fronting 75 feet on the western side of Beverly Avenue, with the northern side line of said lot extending 136 feet along the southern side of Langston Avenue. The conveyance was made with reference to the plat mentioned. Subsequently appellant purchased seven or eight other lots in this subdivision. The house in which he lives is located on two lots fronting on Beverly Avenue which are adjacent to the lot purchased in 1927. Appellant testified that when he purchased this property in 1927 the developer represented that "the street was to be 70 feet wide with a row of trees in the middle and 25 foot sidewalks on each side of the street making a 120 foot wide street, including the sidewalks." He further testified that shortly thereafter, with the permission of the owner of said subdivision, he planted pecan trees and a rose garden in an area on the southern side of Langston Avenue which had been set apart for shrubbery and a sidewalk. He says that these pecan trees are now very valuable in that they bear considerable fruit and provide abundant shade. It further appears that Langston Avenue has never been opened by the City or used by the general public and, in fact, has been used only to a limited extent by one or two residents in that area. There are no houses in said subdivision fronting on said street.

The surveyor who made the 1927 plat testified that several months later the developer decided to reduce the width of Langston Avenue from 120 to 60 feet and that the original plat was revised accordingly but the change was not recorded. In 1929 this same surveyor made a plat of an adjacent subdivision which also included the area embraced within Florenza Heights. This plat, which was recorded on October 18, 1929, shows Langston Avenue as having a width of only 60 feet. It seems to be undisputed, however, that appellant was never consulted or advised of any change in the

width of Langston Avenue until shortly before this action was commenced.

In 1952 the City of Florence brought three condemnation proceedings against certain persons owning lots an Langston Avenue. However, appellant was not made a party to these proceedings. In the petition it was alleged that the City "owns as trustee for the public a street which has been heretofore duly laid out, dedicated and accepted, known as Langston Avenue"; that said street "has been closed by the condemnees"; that it was the intention of the City to open said street; and "that to this end said City requires a permanent right of way and easement, in, over, upon and across any portions of the aforesaid lots owned by the condemnees that may be necessary to open and maintain said Langston Avenue for its full dedicated width." The Court was asked to require the clerk to empanel a jury "to ascertain the amount which shall be paid to the condemnees as just compensation for the right of way required in case it be found that it is not already owned to the full extent by the City." The landowners defaulted. A jury duly empanelled on August 4, 1952, found the following verdict:

"We find that the City of Florence has established title to a street fifty feet wide in Langston Avenue measured from the south side thereof and extending from Edisto Drive to the Rainwater property as shown in the plat made by A. L. Ervin and introduced in evidence as Exhibit D.

"We make no findings respecting any contentions between the City of Florence and E. M. Allen, Jr., respecting the ownership of any property lying north of the fifty foot strip of street above described.

"We find that no property of condemnees is being taken and that they are entitled to no compensation."

There was no appeal from the foregoing verdict and on August 25, 1952, the Court issued an order confirming the verdict of the jury and making same the judgment of the Court. It was further ordered, "that the City of Florence be,

and it is hereby, authorized *and directed forthwith* to open and maintain said Langston Avenue from the property of Rainwater to Edisto Drive for the full width of fifty (50) feet as found by the jury, without prejudice as to any rights the City may have with respect to any proprety lying north of said fifty foot strip of street." (Italics ours.)

Thereafter on motion of the City, in an order dated February 14, 1953, the Court amended the order of August 25, 1952 by deleting the words "and directed forthwith". It was stated that these words were inadvertently included and had no proper place in the order.

There was no appeal from the foregoing orders.

In January, 1953, respondent Cherokee Realty Company, which apparently had acquired from the Florenza Company the unsold lots in said subdivision, instituted an action against the City of Florence wherein, after reciting the condemnation proceedings and alleging the refusal of the City Council to open Langston Avenue, the Court was asked to issue a writ of mandamus compelling the City to forthwith open and maintain said street. An answer was duly filed by the City in which it was claimed that the question of opening said street was a matter within the discretion of the municipal authorities. The City further set up an ordinance enacted on July 1, 1950, providing that no new street should be accepted by the City unless the owner of the subdivision installed adequate drain pipes, properly graded said proposed street, and placed same in good condition for public use. This action resulted in an order dated September 29, 1953, wherein the City of Florence was "required at its own expense forthwith to open to its full width and hereafter to maintain as one of the public streets of the city" the section of Langston Avenue in controversy. There was no appeal from this order.

The instant action was commenced on November 6, 1953. Appellant alleged that the lots purchased by him in 1927 were conveyed in accordance with the plat showing Langston

Avenue as having a width of 120 feet with a sidewalk on each side, and that the contemplated street of only 50 feet in width was wholly different from the plan of the plat and would necessitate the removal of the trees which he had planted in the sidewalk area. He further claimed title by adverse possession to a strip approximately 22 feet wide on the southern side of said street where he had planted the pecan trees and rose garden. The City of Florence filed a formal answer submitting the matter to the discretion of the Court, stating that it was willing to abide by any order made by the Court with reference to opening said street. In its answer respondent Cherokee Realty Company denied that appellant could acquire any portion of the street by adverse possession and asserted that he was bound by the orders and judgments of the Court made in the previous litigation. As already stated, the trial Judge held that appellant was not entitled to the relief sought and dismissed the complaint.

There are numerous exceptions but the questions presented are summarized in appellant's brief as follows:

"In general terms, plaintiff takes the position that since he purchased his lots under a specific plat * * *, he is entitled to have the street and sidewalk area maintained as such and in accordance with the plan set forth on that plat. That he has been at liberty to hold the proposed sidewalk area adversely since there is no evidence of an acceptance of the proposed dedication of the street and sidewalk area. On the other hand, if a completed dedication does exist, then the property so dedicated must be used for the purpose for which it was dedicated and in accordance with the dedication plan. That he is not bound by any judgments or decrees in any former actions concerning the street and sidewalk area in question since he was not a party to, or in privity with, those actions."

It will be noted that there is some inconsistency in these contentions. On the one hand, appellant says that he is entitled to have the street opened and maintained in accordance

with the plat under which he purchased these lots, while on the other hand, he contends that he has acquired a portion of the street by adverse possession.

Although the City of Florence did not assume the role of a contestant in the Court below, it has filed a brief which to a large extent supports appellant's views with the exception of his plea of adverse possession. The City claimed that there was now no public need for opening Langston Avenue and that the Cherokee Realty Company was endeavoring to require it to expend public funds solely for the improvement of private property. The City further took the position that if it is required to open said street, this should be done in accordance with the plan of the original plat made in 1927 and that the Cherokee Realty Company should be required to comply with the ordinance adopted on July 1, 1950.

The issues presented are somewhat confused by the failure of counsel to distinguish between the rights of appellant as against the Cherokee Realty Company and the right and power of the City of Florence with reference to opening and construction of streets.

The Florenza Company by subdividing and platting this property into lots and streets and selling and conveying lots with reference to the plat, thereby manifested an intent to dedicate said streets to the use of the public, and is estopped to deny the rights of such purchasers and those claiming under them, to an easement in all the streets represented and as represented on the plat. *Billings v. McDaniel*, 217 S. C. 261, 60 S. E. (2d) 592; *Cason v. Gibson*, 217 S. C. 500, 61 S. E. (2d) 58; *Outlaw v. Moise*, 222 S. C. 24, 71 S. E. (2d) 509; *Newton v. Batson*, 223 S. C. 545, 77 S. E. (2d) 212. Such purchasers acquired every easement, privilege and advantage which the plat represented as belonging to them. The Florenza Company could not without the consent of appellant change the location or width of Langston Avenue. *Home Real Estate*

*Loan & Ins. Co. v. Town of Carolina Beach,* 216 N. C. 778, 7 S. E. (2d) 13; 16 Am. Jur., Dedication, Section 57.

It is argued that the area in which this subdivision ■ is located was not annexed to the City of Florence until October 1, 1948, or approximately twenty years after the property was subdivided, and that Langston Avenue has never been accepted or used as a street but permitted to grow up in weeds. But it makes no difference as to the rights of appellant against the Florenza Company or its successors whether the street was in fact opened or accepted by the public authorities. Appellant had a right to insist that the offer of dedication be held open. *Billings v. McDaniel, supra; Cason v. Gibson, supra; Outlaw v. Moise, supra; Newton v. Batson, supra.* In *Outlaw v. Moise, supra* [222 S. C. 24, 71 S. E. (2d) 511], the Court held that " 'as between the owner, who has conveyed lots according to a plat, and his grantee or grantees, the dedication is complete when the conveyance is made, even though the street is not accepted by the public authorities.' "

We now advert to the rights of the City of Florence. ■ It was not required to accept the offer of dedication in its entirety. Any street shown on said plat could be accepted in part and the remainder rejected. *Chafee v. City of Aiken,* 57 S. C. 507, 35 S. E. 800; 26 C. J. S., Dedication, § 41; 16 Am. Jur., Dedication, Section 38. The public could not be compelled to assume the burdens imposed by accepting every part of the offered dedication. In *Home Real Estate Loan & Ins. Co. v. Town of Carolina Beach, supra,* 216 N. C. 778, 7 S. E. (2d) 13, 20, the Court said: " '* * * The Board of Aldermen, acting under the charter and pertinent laws, has the discretionary power as to the extent to which the street as dedicated to public use will be accepted, and may thereby limit the responsibility of the town for maintenance. But it has no right to relinquish or give away the unaccepted portion of the dedicated street. In the event of acceptance of portion of street as dedicated by plat of owner and sale of lots with reference

thereto, the unaccepted portion would remain exactly as it was before it became a part of the town, dedicated to public use, though not kept in repair by the town, and is not to be obstructed because it must at all times be free to be opened as occasion may require."

Nor was the City bound to run the streets as shown on said plat. It could lay out streets over the same ground on an entirely different plan if such was deemed necessary in the public interest. Its power of condemnation was not affected by the offer of dedication.

It is equally well established that appellant could not acquire title to any portion of the dedicated area by adverse possession as against the County or City of Florence. *Croker v. Collins,* 37 S. C. 327, 15 S. E. 951; *Chafee v. City of Aiken, supra,* 57 S. C. 507, 35 S. E. 800; *Outlaw v. Moise, supra,* 222 S. C. 24, 71 S. E. (2d) 509.

We shall now endeavor to apply the foregoing principles to the unusual facts of this case. We are not called upon to determine what rights appellant may have as against the Cherokee Realty Company with respect to the strip 70 feet in width along the northern side of Langston Avenue as originally laid out. While the 1927 plat under which appellant purchased his property shows this street as being 120 feet wide, this controversy only relates to the strip 50 feet in width along the southern side. Nor is it necessary to determine what use may later be made of this 70 foot strip by the City of Florence. The City states in its brief that if required to open Langston Avenue, it desires to do so in accordance with the 1927 plat, but its right to now use the 70 foot strip for street purposes is not included in the issues presented.

Although in the petition for condemnation the City alleged that it had accepted Langston Avenue as dedicated and desired a right of way "for its full dedicated width", apparently this allegation was made with reference to a plat made in 1952, introduced in evidence in the condemnation

proceedings, which shows Langston Avenue as having a width of only 60 feet with the unused portion added to the lots lying on the northern side. This is also true as to the revised plat made shortly after appellant purchased this property.

The record does not satisfactorily explain why condemnation proceedings were instituted if, as alleged in the petition for condemnation, the City had already accepted the offer of dedication. Nor is there any explanation of the verdict of the jury fixing the right of way as 50 feet along the south side of Langston Avenue when the plat under which the City condemned showed this street as having a width of 60 feet.

The questions raised in the City's brief that there is no public need for opening Langston Avenue and that if the street is opened, the costs should be borne by the Cherokee Realty Company as required by the ordinance adopted on July 1, 1950, have been foreclosed by the proceedings in condemnation and the order of September 29, 1953, made in the case of *Cherokee Realty Company v. City of Florence*. Moreover, the City is not in a position to raise these issues since it did not appeal from the Circuit decree. It now claims that the condemnation proceedings were instigated by, and for the sole benefit of, the Cherokee Realty Company and conducted by its counsel in the name of the City, and that it was never the intention of the City to obligate itself to open said street. But it had an opportunity to raise these questions in the action instituted by Cherokee Realty Company and having not done so, is bound by the order of September 29, 1953.

The sole question raised in appellant's complaint is whether the City should be enjoined from opening that portion of Langston Avenue 50 feet in width adjacent to his property. For the reasons heretofore stated, his claim of title by adverse possession to approximately 22 feet of this strip cannot be sustained. He further says that

the opening of the 50 foot strip in controversy will necessitate the use for a street of an area dedicated on the original plat for sidewalk and beautification purposes, and agues that property dedicated for one purpose cannot be used for a different purpose, citing *Miller v. City of Columbia,* 138 S. C. 343, 136 S. E. 484. We do not know what part, if any, of the 50 foot strip will be used as a sidewalk. But be that as it may, the right of the City to use this strip is not based on acceptance of the street as dedicated but stems from the condemnation proceedings which were not required to be made in accordance with the dedication.

Finally, appellant contends that he was not a party to the condemnation proceedings and is not bound by them. It is not contended that the opening of this street will result in a physical invasion of appellant's lots. He merely asserts consequential injury in that the proposed construction will deny him the right to have the street constructed in the manner originally planned but this presents no basis for injunctive relief. *Moss v. South Carolina State Highway Department,* 223 S. C. 282, 75 S. E. (2d) 462. If appellant has any remedy at all against the City, as to which we intimate no opinion, it could only be for compensation for the "taking" of his property under Article 1, Section 17 of the Constitution.

The order of the Circuit Judge, with which we agree in the result, is affirmed.

STUKES, TAYLOR and LEGGE, JJ., concur.

JOSEPH R. Moss, A. A. J., disqualified.