1007

W. Earl WALKER, Appellant v. Sanders R. GUIGNARD, Jr., Emile G. Mallard, William G. Faris, Roger S. Faris, and if any of these persons be dead, then any children and heirs at law, distributers, devisees, and if any of the same be dead, any and all persons entitled to claim under or through them, also all other persons unknown claiming any right, title, interest, or lien upon the real property described in the complaint herein; and any unknown adults being as a class designated as John Doe, and any unknown infants or persons under disability or in the military service being as a class designated as Richard Roe; and the City of Cayce, and Sanders R. Guignard, Jr., Jane G. Curry and William M. O'Cain, as statutory liquidating trustees of Lexington Holding Company, and James E. Smith (k/n/a Cherry Park Corporation), Defendants, of which Sanders R. Guignard, Jr., Emile G. Mallard, William G. Faris, Roger S. Faris, Individually and as liquidating trustees of Lexington Holding Company and Cherry Park Corporation are Respondents.

(359 S. E. (2d) 528)

Court of Appeals

*Ronald R. Hall*, West Columbia, *for appellant.*

*James Randall Davis*, Lexington, *for all respondents except Cherry Park.*

*Harry A. Swagart, James H. Lengel* and *Maxwell F. Boyle*, Columbia, *for Cherry Park.*

Heard June 17, 1987.

Decided Aug. 3, 1987.

SHAW, Judge:

Appellant, W. Earl Walker, brought this action to quiet title to property obtained by a quit claim deed from the City of Cayce. He appeals from the final order of the Special Referee which held the property vested in the respondent Statutory Liquidating Trustees of Lexington Holding Company (hereinafter L.H.C.), the original grantor, and also held respondent Cherry Park Corporation (hereinafter Cherry Park) an abutting landowner, held a valid easement over the property. We affirm.

The facts of this case are undisputed. The property in question was a part of a larger parcel which was subdivided by L.H.C., and, pursuant to that subdivision, a plat was created in 1955 designating this property in question as 14th Street. On the Lexington County Tax Map, this property is described as "Fourteenth St.—Un-Open." L.H.C. never conveyed the 14th Street property to the City of Cayce by deed, and since its inception, 14th Street has never been used as a road. Cherry Park obtained a lot abutting 14th Street by deed. The deed, and each other deed in the conveyance of that lot, refers to the subdivision plat designating 14th Street.

Walker claims the property was dedicated to the City of Cayce by virtue of the 1955 plat and conveyance of the subject property by the City to Walker vested title in him. While the designation of 14th Street on the plat may have been an offer of dedication, there was never any acceptance, without which the purported dedication would not be complete. In the 1952 case of *Outlaw v. Moise*, 222 S. C. 24, 71 S. E. (2d) 509 (1952), the South Carolina Supreme Court held where land is divided into lots according to a plat showing streets and the lots are sold with reference to said plat, the

owner dedicates the street to the public, *but* (emphasis added), there ordinarily must be an express or implied acceptance made within a reasonable time. The court went on to cite Dillon on Mun. Corp. (5th Ed.) Sec. 1090:

> ... where lands are platted and sales are made with reference to the plat, the acts of the owner in themselves merely create private rights in the grantees entitling the grantees to the streets and ways laid down on the plat or referred to in the conveyance. But these rights are purely in the nature of private rights founded upon a grant or covenant, and no public rights attach to such streets or lands until there has been an express or implied acceptance of the dedication evidenced either by general public use or by the acts of the public authorities. *Id.* 71 S. E. (2d) at 512.

Walker contends, though there was not an express acceptance of the dedication by the City, there was an implied acceptance as evidenced by the inaction of the parties. He claims there was implied acceptance by virtue of the fact that no taxes were charged on the property. Walker concedes the subject property has existed, unused and unclaimed for thirty years. However, this inaction by the City does not create an implied acceptance of the dedication. We hold the Special Referee did not err in finding title vested in L.H.C.

Walker also contends the Special Referee erred in finding the property was subject to an easement held by Cherry Park. However, under the cases of *Outlaw, supra,* and *Carolina Land Co. v. Bland,* 265 S. C. 98, 217 S. E. (2d) 16 (1975), Cherry Park obtained a valid easement in the property. As between the owner, who conveyed lots according to the plat, and the grantees, the dedication is complete upon conveyance, even though the street is not accepted by the public authorities. *Carolina Land Co.,* 217 S. E. (2d) at 19. Further, the mere nonuse of an easement created by deed does not amount to abandonment of that easement. *Id.* at 21.

For the foregoing reasons, the judgment below is

Affirmed.

GARDNER and CURETON, JJ., concur.