23162

Billy McALLISTER and McAllister Motors, Inc., Appellants v. Ann B. SMILEY, as Personal Representative of the Estate of Robert L. Smiley, Respondent.

(389 S. E. (2d) 857)

Supreme Court

*E. LeRoy Nettles, Sr.* and *Marian D. Nettles* of *Nettles, Turbeville & Reddeck*, Lake City, *for appellants.*

*Deborah B. Dantzler* of *Law Offices of Charles E. Godwin*, Lake City, *for respondent.*

Heard March 21, 1989.

Decided Feb. 20, 1990.

CHANDLER, Justice:

This case involves a dispute between adjoining landowners over use of a road dividing their property. The jury returned a verdict for Respondent Smiley (Smiley), owner of the land on which the road is located. Appellants Billy McAllister and McAllister Motors, Inc. (McAllister) appeal

the denial of a motion for directed verdict, based upon the ground that, as a matter of law, an easement exists.

We reverse.

## FACTS

The road in question appears on a plat made July 10, 1969[1] for Smiley's predecessors in title, J. C. and Addie Fulmore (Fulmores). As shown by the plat the property is divided into two tracts. Tract No. 2 was conveyed by the Fulmores to South Carolina Farm Bureau Services Corporation (Farm Bureau), McAllister's predecessor in title.

The deed to Farm Bureau described the tract as bounded "on the South by land of J. C. and Addie Fulmore, a road being the dividing line on this boundary. . . ." The deed also contained the provision that:

> Said tract of land is shown and designated as Tract No. 2 on a Plat of lands of Vivian W. Edwards and J. C. and Addie Fulmore, prepared by J. P. Edwards, R. L. L., on July 10, 1969, which plat, recorded in Plat Book 17 at page 42, is by reference incorporated herein as a part of this description.

## ISSUE

The sole issue necessary to our decision is whether, as a matter of law, McAllister has a private easement over the road on Smiley's property.

## DISCUSSION

In support of his right to an easement, McAllister relies upon the following rule of law:

> Where a conveyance of land describes the parcel as bounded by a street designated in the conveyance, or refers to a map on which spaces for streets, parks, or other common uses are shown, but the conveyance says nothing about the creation of an easement or a dedication to public use, the conveyee of the land acquires an

---

[1] The plat, Plaintiff's Exhibit 6 at trial, is reproduced as an appendix to this opinion.

easement with respect to the street or the areas shown on the map.

3 Powell, The Law of Real Property Para. 409 (1987) [footnotes omitted]. This rule was recognized and applied in *Cason v. Gibson,* 217 S. C. 500, 61 S. E. (2d) 58 (1950), as well as numerous other decisions of this Court and the Court of Appeals.[2] These cases hold that such an easement inures to the benefit of the grantee and his successors in title. The existence of the easement will be implied by law, unless it appears that the grantor specifically intended otherwise. *See also,* 28 C. J. S. *Easements,* §§ 39 and 40 (1941).

Here, McAllister's tract is described in the Fulmore deed as bounded on the south by the road in question. Additionally, the deed refers to the plat on which the road is indicated. There is no evidence whatever that the Fulmores intended to negate the creation of the easement claimed by McAllister.

McAllister was entitled to a private easement over the road. Accordingly, the motion for directed verdict should have been granted.

Reversed.

GREGORY, C. J., and HARWELL and FINNEY, JJ., concur.

TOAL, J., dissents in separate opinion.

TOAL, Justice (dissenting):

I respectfully dissent, although I would also reverse, I would remand this case for a new trial. The majority reverses but also finds as a matter of law that plaintiffs McAllister are entitled to an easement. I strongly disagree with this award of easement believing that the jury should make this determination. This Court so ruled only two years

---

[2] *Immanuel Baptist Church v. Barnes,* 274 S. C. 125 , 264 S. E. (2d) 142 (1980); *Carolina Land Co. v. Bland,* 265 S. C. 98, 217 S. E. (2d) 16 (1975); *Briarcliffe Acres v. Briarcliffe Realty Co.,* 262 S. C. 599, 206 S. E. (2d) 886 (1974); *Epps v. Freeman,* 261 S. C. 375, 200 S. E. (2d) 235 (1973); *Blue Ridge Realty Co. v. Williamson,* 247 S. C. 112, 145 S. E. (2d) 922 (1965); *Corbin v. Cherokee Realty Co.,* 229 S. C. 16, 91 S. E. (2d) 542 (1956); *Newton v. Batson,* 223 S. C. 545, 77 S. E. (2d) 212 (1953); *Outlaw v. Moise,* 222 S. C. 24, 71 S. E. (2d) 509 (1952); *Billings v. McDaniel,* 217 S. C. 261, 60 S. E. (2d) 592 (1950); *Walker v. Guignard,* 293 S. C. 247, 359 S. E. (2d) 528 (Ct. App. 1987).

APPENDIX

South Carolina ; Williamsburg County
Plat of property being conveyed
to
South Carolina Farm Bureau Services Corp'n
by
No.1    Vivian W. Edwards          16.671 Acres
No.2    J.C. and Addie Fulmore     17.269 Acres
                          Total    33.940 Acres

Scale:-1"=200'                           July 10, 1969
Areas by Computer (D.M.D.)          J.P.Edwards, RLS 1761
Error of closure L: 9006            124 Lindley Ave., Sumter, S.C.

PLAINTIFF'S
EXHIBIT

3

A CERTIFIED TRUE COPY

Carolyn F. Williams
CAROLYN F. WILLIAMS
CLERK OF COURT
WILLIAMSBURG COUNTY

-397-

RECORDED
BOOK 17  PAGE 43
CAROLYN F. WILLIAMS
CLERK OF COURT
WILLIAMSBURG CO., S.C.

ago in the case of *Jowers v. Hornsby*, 292 S. C. 549, 357 S. E. (2d) 710 (1987). In addition to the easement issue addressed by the majority opinion, Billy McAllister and McAllister Motors, Inc. (McAllister), argue on appeal that the trial court erred in excluding a *de bene esse* deposition; and in admitting photographs and allowing the jury to view the road. I agree in part and, therefore, would reverse and remand for a new trial.

## FACTS

Smiley is the owner of a tract of land upon which the road in question is located. Billy McAllister's property directly fronts this road. This dispute arose when Smiley built a gate across the road preventing McAllister from using the roadway. At trial, McAllister based his right to use the road on two grounds: (1) the road has been dedicated for public use and (2) McAllister has acquired a private easement over it by reason of the reference thereto in the deed and plats.

## DISCUSSION

Motions for Directed Verdict

McAllister contends that the trial court erred in failing to direct a verdict on the grounds that the roadway was a public road and that McAllister had acquired a private easement as a matter of law. I disagree with the majority and would hold that these issues were properly submitted to the jury.

Rule 50(a) of the South Carolina Rules of Civil Procedure provides for the direction of a verdict when the case presents only questions of law. Here, both issues involve questions of fact and, therefore, direction of a verdict on either theory would have been inappropriate.

Dedication of a private road for public use is evidenced by an intent by the landowner to dedicate the land and an express or implied acceptance. The existence of these elements are questions of fact, not law. As noted by the Supreme Court of Rhode Island:

> Whether a landowner has made an offer to dedicate his property to the public is purely a question of determining from the facts of the particular case the owner's

intent. In making this assessment, the fact finder should examine the words or conduct on the part of the dedicator that reasonably tends to demonstrate his wishes.

*Robidoux v. Pelletier*, 120 R. I. 425, 391 A.2d 1150, 1154 (1978).

In some instances a recorded plat may be all that is necessary to disclose the landowner's intent. In *Outlaw v. Moise*, 222 S. C. 24, 30, 71 S. E. (2d) 509, 511 (1952), this Court held that "where land is divided into lots according to a plat thereof, showing streets, and lots are sold and conveyed with reference to said plat, the owner thereby dedicates the street to the public." Where, however, conflicting testimony as to the interpretation of the plats is presented, as in the case at bar, the dedicatory intent of the landowner is called into question and then it becomes the duty of the fact finder to determine whether the landowner intended to dedicate the property for public use.

It is also the duty of the fact finder to determine whether or not the public dedication has been accepted. While it has been recognized that the use, repair, and working of the streets by public authorities is a mode of acceptance, *Chafee v. City of Aiken*, 57 S. C. 507, 35 S. E. 800 (1900), conflicting evidence in regard to this issue was presented in this case. Therefore, the trial court properly submitted the issue of public dedication to the jury.

In regard to the private easement theory, McAllister contends and the majority opinion held that the trial court should have directed a verdict on the basis that he has an easement as a matter of law. McAllister bases his argument on the following rule of law:

> Where a conveyance of land describes the parcel as bounded by a street designated in the conveyance, or refers to a map on which spaces for streets, parks, or other common uses are shown, but the conveyance says nothing about the creation of an easement or a dedication to public use, the conveyee of the land acquires an easement with respect to the street or the areas shown on the map.

3 Powell, The Law of Real Property par. 409 (1987) [footnotes omitted]. *See also Cason v. Gibson,* 217 S. C. 500, 61 S. E. (2d) 58 (1950).

The implication of an easement is based on an inference as to the intention of the parties and, therefore, it will not be implied where it appears that the parties did not intend it. *See,* 28 C. J. S. *Easements,* § 39 (1941). In the case at bar, conflicting evidence was presented concerning the interpretation of the deeds and plats thereby creating doubt as to the landowner's intent. The majority opinion completely ignores this Court's 1987 ruling that the determination of the existence of an easement is a question of fact in a law action. *Jowers v. Hornsby,* 292 S. C. 549, 357 S. E. (2d) 710 (1987). It is my opinion that this rule applies to all easements. Therefore, I would hold that the trial court properly submitted the private easement issue to the jury.

De Bene Esse Deposition

McAllister contends that the trial court erred in refusing to allow McAllister to read into evidence the *de bene esse* deposition of James Hugh McCutcheon, the former Williamsburg County Supervisor. I agree.

The *de bene esse* deposition was taken by Smiley's attorney because McCutcheon was ill and unable to appear at the trial. During the deposition, McCutcheon apparently changed his testimony from an earlier affidavit. Smiley states in his appellate brief that, because of this change, his counsel was "not prepared to adequately cross-examine [McCutcheon]" and that his attempts to impeach McCutcheon were subverted by McAllister's objections to leading questions. When McAllister attempted to introduce the deposition into evidence, the trial court ruled that it should be excluded because Smiley had not been able to avail himself of the opportunity of cross-examination. The record reflects that McCutcheon's testimony would have enhanced McAllister's public dedication argument.

The use of depositions in a court proceeding is governed by Rule 32 of the South Carolina Rules of Civil Procedure. Rule 32(a) provides that "any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witnesses were then present and testifying, may be used against any party who was present and represented at the

taking of the deposition or who had reasonable notice thereof." Rule 32(c) further provides that the taking of the deposition does not make the deponent a witness for that party. The deponent becomes a witness for the party introducing the deposition, unless it is introduced for the purpose of contradicting or impeaching the deponent. Therefore, when a party takes a person's deposition, he is put on notice that any part or all of the deposition may be used by the other party. Just because the party taking the deposition does not like the deponent's testimony, does not give him the right to prevent its use during a court proceeding. Therefore, it is my opinion that the *de bene esse* deposition was improperly excluded.

Admission of Photographs & Jury Viewing the Roadway

McAllister contends that the trial court erred in admitting into evidence photographs of the subject roadway and another road about two-tenths of a mile to the north of it and allowing the jury to view both roadways. He argues that this evidence was not admissible because it was not relevant to a determination of his legal rights. In order for evidence to be admissible at trial, it must "tend to establish, or to make more or less probable, some matter in issue and to bear directly or indirectly thereon." *Francis v. Mauldin,* 215 S. C. 374, 378, 55 S. E. (2d) 337, 338 (1949). McAllister argues that the physical appearance of the road is irrelevant to determine whether the road had been dedicated for public use or whether a private easement exists by reference thereto in the deed and plat.

McAllister also argues that the appearance of the road at the time of trial was not pertinent because the road had been obstructed for many months by the gate. He contends that the condition of the road was not "as it existed at a time pertinent to the inquiry" because its use had been limited for a long period of time. *See,* 32 C. J. S. *Evidence* § 715 (1964). At the time of trial, the condition of the road indicated that it was not used extensively. Evidence that the road was not used very much could directly impact upon the jury's view of whether the roadway was a public road. Therefore, the effect of the evidence was prejudicial to McAllister's public dedication argument. This prejudicial effect was increased because the evidence had no probative

value as to the determination of the legal issues.

It is my opinion that the trial court erred in admitting these photographs because the appearance of the road was not relevant to a determination of the legal issues and evidence of the condition of the road at the time of trial was extremely prejudicial to McAllister's argument concerning public dedication. In light of this conclusion, I would also find that it was an error to allow the jury to view the roadways.

It is my opinion that the cumulative effect of these errors was such that McAllister is entitled to a new trial and, therefore, I would reverse and remand for a new trial.