1668

BANCOHIO NATIONAL BANK, Respondent v. John L. NEVILLE, Mc-Curry B. Neville, Rieppe N. Mays and Annette N. Clark, Appellants, and Frank E. Martin, Lynn V. Martin, Elizabeth D. Darby, David B. Durham, Geraldine R. Durham, Michael A. Miller, Ann S. Miller, Faye S. League, Hayne L. Simmons, Eva C. Simmons, Marshall G. Smith, Sharon A. Smith, Gerald J. Cappelen, Constance L. Cappelen, Kenneth H. Poston, Cynthia J. Poston, George J. Stock, Jr., Charlotte Stock, John H. Robert, Charlene Robert, Randall R. Reigers, Elizabeth G. Reigers, Odes E. Roberts, Pamela K. Roberts, William C. Tucker, Dorothy Tucker, Herbert P. Mahoney, Jerry Herbert Mahoney, Respondents.

(409 S.E. (2d) 790)

Court of Appeals

*Larry C. Brandt* and *W.J. Fedder,* both of *Brandt & Fedder,* Walhalla, *for appellants.*

*Julian A. Stoudemire* and *Lowell W. Ross,* both of *Ross, Stoudemire & Awde, Timothy C. Merrell,* and *Robert K. Whitney,* Seneca, and *Theodore A. Snyder, Jr.,* Walhalla, *for respondents.*

*William C. Tucker, Dorothy C. Tucker, Odes E. Roberts, Pamela K. Roberts,* West Union, *all pro se.*

Heard May 6, 1991; Decided June 10, 1991.

Reh. Den. Oct. 31, 1991.

GARDNER, Judge:

BancOhio National Bank (the Bank) instituted this action pursuant to S.C. Code Ann. § 57-9-10 to -40 (1991) to close and abandon a portion of South Carolina roadway #37-675 located in West Union, South Carolina. The road runs through Dutch Fork subdivision. All respondents owning property in the subdivision agreed to waive the subdivision restrictions which prevented building a road on lot 10 of the subdivision. All respondents other than John L. Neville, McCurry B. Neville, Rieppe N. Mays and Annette N. Clark (the Nevilles) consented in writing to the road closure. The matter was referred to the master with authority to enter final judgment, with di-

rect appeal to the Supreme Court. The appealed order directed the closure of the small portion of the subject road. We affirm.

## ISSUE

The only issue of merit is whether the master erred in denying the Nevilles' motion to dismiss the action because of failure to join the South Carolina Highway Department and the Town of West Union.

## FACTS

By paragraphs 11 and 12 of their answer, the Nevilles alleged that the facts of the case make the South Carolina Department of Highways and Public Transportation and the Town of West Union interested parties to the action "with such substantial rights in the subject matter that they are necessary parties and must be joined in order to afford the Court the right to render complete relief." Because they had not been so joined, the Nevilles argued that the court should dismiss the action in its entirety. At trial the Nevilles made a motion to dismiss the action for failure to join the Highway Department and the Town of West Union as parties defendant. The trial judge denied the motion.

## DISCUSSION

We affirm the trial judge's denial of the motion to dismiss because both the South Carolina Department of Highways and Public Transportation and the Town of West Union could have been joined either by the court on its own motion or on the motion of the Nevilles. *See* Rule 14(c) SCRCP. Rule 19(b) SCRCP clearly provides that an action will be dismissed only upon a showing that the party or parties alleged to be indispensable *cannot be joined as parties plaintiff or defendant.*

The remaining issues are without merit.

## CONCLUSION

We hold that the Nevilles misapprehend Rules 19(a) and (b) which must be read in conjunction with Rule 14(c). Simply put 19(b) does not permit the dismissal of an action except upon a finding that the alleged indispensable

party or parties cannot be joined either on the motion of the court or on the motion of a party to the action. In this case the alleged indispensable parties could have been joined. We therefore affirm.

Affirmed.

SANDERS, C.J., and SHAW, J., concur.