426 S.E.2d 773 (1993)
BANCOHIO NATIONAL BANK, Respondent,
v.
John L. NEVILLE, Sr., individually and as Personal Representative of the Estate of McCurry B. Neville, deceased, Rieppe N. Mays and Annette N. Clark, Petitioners, and
Frank E. Martin, Lynn V. Martin, Elizabeth D. Darby, David B. Durham, Geraldine R. Durham, Michael A. Miller, Ann S. Miller, Faye S. League, Hayne L. Simmons, Eva C. Simmons, Marshall G. Smith, Sharon A. Smith, Gerald J. *774 Cappelen, Constance L. Cappelen, Kenneth H. Poston; Cynthia J. Poston, George J. Stock, Jr., Charlotte Stock, John H. Robert, Charlene Robert, Randall R. Reigers, Elizabeth G. Reigers, Odes E. Roberts, Pamela K. Roberts, William C. Tucker, Dorothy Tucker, Herbert P. Mahoney, Jerry Herbert Mahoney,
of whom Frank E. Martin, Lynn V. Martin, Elizabeth D. Darby, David B. Durham, Geraldine R. Durham, Michael A. Miller, Ann S. Miller, Faye S. League, Hayne L. Simmons, Eva C. Simmons, Marshall G. Smith, Sharon A. Smith, Gerald J. Cappelen, Constance L. Cappelen, Kenneth H. Poston, Cynthia J. Poston, George J. Stock, Jr., Charlotte Stock, John H. Robert, Charlene Robert, are, Respondents.
No. 23793.
Supreme Court of South Carolina.
Heard October 14, 1992.
Decided February 1, 1993.
Larry C. Brandt and W.J. Fedder, both of Brandt & Fedder, Walhalla, for petitioners.
Julian L. Stoudemire and Lowell W. Ross, both of Ross, Stoudemire and Awde, Seneca, for respondent.
Theodore A. Snyder, Jr., Walhalla, for respondents Martin, Darby, Durham, Miller, League, Simmons, Smith, Cappelen, Poston, Stock and Robert.
Timothy C. Merrell, Seneca, for Reigers.
Robert K. Whitney, Seneca, for Mahoneys.
William C. Tucker, pro se.
Dorothy C. Tucker, pro se.
Odes E. Roberts, pro se.
Pamela K. Roberts, pro se.
TOAL, Justice:
This case comes before the Court on a Writ of Certiorari to the Court of Appeals to review a decision affirming the Masterin-Equity's closing of a public road, and to review the Court of Appeals' interpretation of the South Carolina Rules of Civil Procedure. We REVERSE.

Facts
An action was filed in Oconee County to close and abandon South Carolina Road 37-675, under S.C.Code Ann. § 57-9-10 (1991). All respondents were properly noticed and served. The Nevilles, petitioners, were the only parties excepting to the closure of the roadway. In their answer to *775 the court, the petitioners alleged inter alia that the action should be dismissed for failure to join two necessary and indispensable parties, the Town of West Union (West Union) and the South Carolina Department of Highways and Public Transportation (Highway Department), under Rule 19, SCRCP.
Pursuant to S.C.Code Ann. § 15-31-21, the action was referred to the Master-in-Equity, who denied this motion both at the commencement and the closing of the case. The Master heard the case on the merits without the presence of the State or the municipality as parties to the action. After the close of the case, the Master issued an amended final order holding that the Highway Department and West Union were not indispensable parties, that the roadway was to be closed, and that title to the closed roadway was to vest in BancOhio.
The parties appealed from the Master's decision. The Court of Appeals affirmed the Master's decision in BancOhio National Bank v. Neville et al., ___ S.C. ___, 409 S.E.2d 790 (1991). The Court of Appeals' opinion discussed only the Rule 19 issue while holding that all other issues were without merit. A petition to the Court of Appeals for rehearing was denied and this Court granted a Writ of Certiorari.

Law/Analysis
The only issue of merit before the Court is whether the Court of Appeals erred in their application of Rule 14(c) as a basis for denying a motion for dismissal under Rule 12(b)(7), and in their application of Rule 19 to the present facts.
The initial questions raised by the petitioners involve the denial of the motion to dismiss for failure to join all necessary parties. The petitioners raised the motion both at the onset and conclusion of the trial and asserted that the South Carolina Department of Highways and Public Transportation, as well as the Town of West Union, were necessary and indispensable parties to the action. The Court of Appeals held that the motion was properly denied because either party could have joined the Highway Department or the Town of West Union under Rule 14(c), SCRCP, and that the lack of joinder by the petitioners acted as a waiver of their claim.
The petitioners correctly assert that the result of that decision is to place the burden of assuring that all indispensable parties are before the court squarely on the defendant. The effect of this holding is to excuse plaintiffs from their duties under Rule 19 while providing a means for a plaintiff to completely circumvent the purpose and meaning of Rule 12(b)(7), SCRCP.
A motion under Rule 12(b)(7) is proper where a necessary party under Rule 19 should be joined for a just adjudication of the issues, and, "may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgement on the pleadings, or at the trial on the merits." Rule 12(h)(2), SCRCP. The rule provides an affirmative defense for the failure to join any interested party who is subject to service of process, and who will not deprive the court of jurisdiction over the subject matter under Rule 19, SCRCP.
The relevant portions of Rule 19, SCRCP provide that: (a) Persons to be joined if Feasible. A person ... shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.
. . . . .
(c) Pleading Reasons for Nonjoinder. Any pleading asserting a cause of action for relief shall state the names, if known to the pleader, of any persons described in subdivision (a)(1)-(2) hereof who are not joined, and the reasons why they are not joined. [Emphasis added]
The petitioners correctly rely on the phrasing of Rule 19(c) to place the burden on the moving party to justify any reasons *776 for nonjoinder. They also correctly interpret Rule 12 as allowing a defendant to establish an affirmative defense to any such nonjoinder by the plaintiff, regardless of the feasibility of a party's joinder. There is nothing in the rules which shifts the burden onto the defending party to either add or identify, for the plaintiff, other parties which are indispensable.
BancOhio argues that only the portion of Rule 19 which deals with indispensable parties outside the jurisdiction of the court is applicable in state court. They then argue that because the Highway Department and West Union could be joined without defeating jurisdiction, a reading of Rule 14(c), SCRCP would allow either the court or any party to the action to join a necessary party.
The Court of Appeals found this argument dispositive and used Rule 14(c) as the vehicle to hold that either petitioners, or the court, could properly join the Highway Department and West Union. In their sparse opinion, the Court of Appeals opined that the nonjoinder by the petitioners constituted a waiver of Rule 12(b)(7) as a defense. This reasoning ignores the intent of the rules, and more specifically robs Rules 12 and 19 of all useful meaning.
BancOhio's focus on Rule 19(b) is too narrow and ignores the fact that the Highway Department and West Union could be joined without defeating jurisdiction. Because the Highway Department and West Union can be joined, there is no need to analyze the question to determine if the controversy should continue absent the indispensable party. BancOhio asserts that if a judge exercises discretion in going forward without the necessary party, after applying a Rule 19(b) analysis, then the lack of joinder has no impact on the outcome. We disagree since the absent party could not be bound by the court's decision. On these facts, it is glaringly apparent that the necessary parties should be joined; therefore, any reference to Rule 19(b) is unnecessary.
Even assuming arguendo that BancOhio was correct in citing Rule 19(b), the second fatal flaw to BancOhio's argument is their interpretation of Rule 14(c), SCRCP. Rule 14(c) states that, "[u]pon motion of any party, or on its own motion, the Court may order that a party designated as a third-party defendant be joined as a plaintiff or defendant under Rule 19 ..., when the ends of justice and efficiency in proceedings would be served thereby." [Emphasis added]. BancOhio and the Court of Appeals' reliance on this rule is misplaced. The wording of the rule is specific as to its application to third-party practice, and certainly would not authorize a defendant to add a party outside of the current litigation as a fellow defendant.[1] We agree with petitioners that Rule 14(c) has no impact on the defenses set forth in Rule 12, SCRCP.
The relevant inquiry then becomes whether the South Carolina Department of Highways and Transportation and West Union are indispensable parties in an action to close a public road. Once the defense of Rule 12(b)(7) is asserted, the proper course for the trial court is to determine the necessity of adding a new party under Rule 19 to insure a full adjudication of the controversy.
The petitioners contend that since the road is a well-established portion of the State's secondary road system, and that since the State, over a period of years, has expended funds to maintain and repair the roadway, then the State either owns the road or is a trustee of the road for the benefit of the general public. They argue that in either case, there is a substantial proprietary right which would require the joinder of the State as a necessary party. See Barnwell Bros. v. South Carolina Highway Department, 303 U.S. 177, 58 S.Ct. 510, 82 L.Ed. 734 (1937) (where the court stated that highways were owned and maintained by the state and were of such an interest that, absent action by congress, they were within the competence of *777 the state even though interstate commerce is affected).
Petitioners and the respondents agree that if the State were not a party, it would not be bound by the decision of the Court. The petitioners note that the State's statutory duties of maintaining the road, and concurrently the other obligations or liabilities attached to the role of maintaining the highway system, would not be discharged by this case because any court order would not be binding on the State.[2] It is a persuasive argument. The statutory duties and the State's interest in the closing of a public roadway dictate that any court action to effect a closure must include the State as a party. South Carolina precedent has not directly addressed this issue; however, cases which have dealt with the closing of public roads have included the municipality or controlling government entity as a party. See e.g., First Baptist Church of Mauldin v. City of Mauldin, ___ S.C. ___, 417 S.E.2d 592 (1992); Thompson v. Hammond, 299 S.C. 116, 382 S.E.2d 900 (1989) (included Horry County as a party at interest); Bryant v. City of Charleston, 295 S.C. 408, 368 S.E.2d 899 (1988); City of Greenville v. Bozeman, 254 S.C. 306, 175 S.E.2d 211 (1970); City of Rock Hill v. Cothran, 209 S.C. 357, 40 S.E.2d 239 (1946).
We recently held in Coburg, Inc. v. Lesser, ___ S.C. ___, 422 S.E.2d 96 (S.C.Sup.Ct. filed August 31, 1992), that "where the State is the presumed owner of property... [it] must be joined as a party defendant, either by motion of one of the parties or, if necessary, by the Court." This same rule also applies to any property interest, such as a right of way or easement, where the State has a proprietary interest. The inescapable conclusion is that the South Carolina Department of Highways and Public Transportation and the Town of West Union are indispensable parties well within the meaning of Rule 19(a). Here, under the procedural posture of the case, only the trial court or the respondents were the proper parties to join the State and West Union.
In light of our decision, we do not address the other issues raised by the petitioners. Accordingly, we REVERSE the Court of Appeals and REMAND to the trial court for joinder of the State and West Union under Rule 19, SCRCP, and a new trial on the merits.
HARWELL, C.J., FINNEY and MOORE, JJ., and BRUCE LITTLEJOHN, Acting Associate Justice, concur.
NOTES
[1] Rule 14(c) merely allows for the use of joinder as opposed to the lengthy acrobatics of third-party practice.
[2] A general listing of the statutory duties to be undertaken by the State to close a roadway includes traffic surveys and estimates, S.C.Code Ann. § 57-5-120, and prohibitions of leasing or selling rights-of-way which were granted as easements. S.C.Code Ann. § 57-5-350.