THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Dona F. Ducker,
 Fred C. Ducker, and Commercial Refrigeration, LLC, Appellants,
 
 
 
 

v.

 
 
 
 Eleanor S.
 Stamper, Respondent.
 
 
 

Appeal From Georgetown County
Joe M. Crosby, Master-in-Equity

Unpublished Opinion No. 2012-UP-067  
 Heard January 11, 2012  Filed February 8,
2012

AFFIRMED 

 
 
 
 Robert J. Moran, of Murrells Inlet, for
 Appellants.
 Jack M. Scoville, Jr., of Georgetown, for
 Respondent.
 
 
 

PER CURIAM:  After
 Eleanor Stamper installed fencing enclosing a corner of her property, Dona F.
 Ducker, Fred C. Ducker, and Commercial Refrigeration, LLC, (collectively
 "the Duckers") filed suit, complaining Stamper's fence obstructed
 their existing easement.  The master entered judgment in Stamper's favor.  The
 Duckers appeal, arguing the master erred in finding they are bound by a 1997
 road closure action, have no public or private right in the portion of the road
 that was closed, and have no easement implied by prior use.  We affirm pursuant
 to Rule 220(b), SCACR, and the following authorities:  
1. As to the 1997 road closure
 action[1]: S.C. Code Ann.
 § 57-9-10 (2006) (providing "[a]ny interested person" may initiate a
 road closure action and requiring notice thereof to be "sent by mail
 requiring a return receipt to the last known address of all abutting property
 owners whose property would be affected by any such change"); Rule 19(a),
 SCRCP (requiring a trial court to join a person as a party if "in his
 absence complete relief cannot be accorded among those already parties" or
 "he claims an interest relating to the subject of the action" and his
 absence from it might impair his ability to protect that interest).  
2. As to a private
 easement by dedication: Inlet Harbour
 v. S.C. Dep't of Parks, Recreation & Tourism, 377 S.C. 86, 91-92, 659 S.E.2d 151, 154 (2008)
 (recognizing an implied easement as an expression of a grantor's intent to convey
 along with transferred property "whatever is necessary for the property's
 use and enjoyment" but finding implied easements are not favored "because
 the implication of an easement in a conveyance goes against the general rule
 that a written instrument speaks for itself" and recognizing easements by
 dedication are created "when an owner conveys subdivided lots and
 references the plat in the deed," thereby granting "the lot owners an
 easement over the streets appearing in the plat" (citations omitted)); Murrells
 Inlet Corp. v. Ward, 378 S.C. 225, 233, 235, 662 S.E.2d 452, 455-57 (Ct.
 App. 2008) (requiring judicial analysis of implied easements to focus on the
 intent of the parties to the transaction and noting, "The easement
 referenced in the plat is dedicated to the use of the owners of the lots, their
 successors in title, and to the public in general.  As to the grantor, who
 conveyed the property with reference to the plat, and the grantee and his
 successors, the dedication of the easement is complete at the time the
 conveyance is made." (citations omitted)); McAllister v. Smiley,
 301 S.C. 10, 11-12, 389 S.E.2d 857, 858-59 (1990) (holding an easement by
 dedication "inures to the benefit of the grantee and his successors in
 title"); Van Blarcum v. City of N. Myrtle Beach, 337 S.C. 446, 450,
 523 S.E.2d 486, 488 (Ct. App. 1999) ("Proof of dedication must be strict,
 cogent, and convincing.").  
3. As to a
 public easement by dedication: Outlaw
 v. Moise, 222 S.C. 24, 30-31, 71
 S.E.2d 509, 511-12 (1952) (holding a public easement by dedication is not
 complete until some manifestation of public acceptance occurs and stating such
 public acceptance need not be given formally but may be manifested by public
 action within a reasonable time[2]); Baugus v. Wessinger, 303 S.C. 412, 416, 401 S.E.2d 169, 172 (1991) ("[W]here
 . . . acceptance of part of a street is clearly shown, the burden of proof
 shifts to the party . . . seeking to prove limited acceptance of the
 street."); § 57-9-10 (authorizing a court of competent jurisdiction to
 declare a street abandoned or closed upon the petition of "[a]ny
 interested person"); Hoogenboom v. City of Beaufort, 315 S.C. 306, 318
 n.4, 433 S.E.2d 875, 884 n.4 (Ct. App. 1992) (recognizing abandonment of a
 street dedicated to public use extinguishes the public's right to use the
 street).  
4.  As to an
 easement implied by prior use:  Boyd
 v. Bellsouth Telephone Telegraph Co.,
 369 S.C. 410, 417, 633 S.E.2d 136, 139 (2006) (requiring a party asserting the
 right to an easement implied by prior use to establish (1) the title was
 unified in one owner; (2) the common owner severed title; (3) the prior use was
 in existence at the time of unity of title; (4) the prior use was not merely
 temporary or casual; (5) the prior use was apparent or known to the parties; (6)
 the prior use was necessary at the time of severance of title in that there
 could be no other reasonable mode of enjoying the dominant tenement without the
 prior use; and (7) the common grantor indicated an intent to continue the prior
 use after severance of title (citations omitted)).   
AFFIRMED.
HUFF and
 LOCKEMY, JJ., and CURETON, A.J., concur.  

[1] We note the master erred in finding BancOhio National Bank v. Neville,
 310 S.C. 323, 426 S.E.2d 773 (1993), stood for the proposition, "The only
 indispensable parties to a road closing are the public entities that may be
 charged with its maintenance."  It does not.  BancOhio indicates a
 public entity holding a "proprietary interest" in a road, including
 an easement or a right of way, is an indispensable party to a closure
 action, but not the only such party.  Id. at at 329, 426 S.E.2d at 777. 
 However, this error does not affect the disposition of the Duckers' appeal.  
[2] See, e.g., Huxfield Cemetery Ass'n v. Elliott, 388 S.C. 565,
 570-71, 698 S.E.2d 591, 594 (2010) (distinguishing statutory dedication from
 common law dedication, which "rests on public convenience and is based on
 public policy and good faith"); Tupper v. Dorchester Cnty., 326
 S.C. 318, 326, 487 S.E.2d 187, 192 (1997) (recognizing acceptance by the
 "use, repair, and working of the streets by public authorities"); Boyd
 v. Hyatt, 294 S.C. 360, 365, 364 S.E.2d 478, 481 (Ct. App. 1988)
 (recognizing acceptance by the public's continuous use of the property).