THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Roger C. Richey and Eula R. Richey,       
Appellants,
 
 
 

v.

 
 
 
County of Anderson,       
Respondent.
 
 
 

Appeal From Anderson County
Ellis B. Drew, Jr., Master-in-Equity

Unpublished Opinion No. 2003-UP-663
Submitted September 17, 2003  Filed November 17, 2003 

AFFIRMED

 
 
 
John W. Fields, Michael D. Glenn, Glenn, Haigler, McClain, 
 of Anderson, for Appellants.
Bernie W. Ellis, of Greenville, Robert L. Widener, of Columbia, 
 for Respondent.
 
 
 

PER CURIAM:  Roger C. Richey and Eula R. Richey appeal from the master-in-equitys 
 determination that the entire length of a road, as shown on a 1966 plat, had 
 been dedicated to the public.  We affirm.  
FACTUAL\PROCEDURAL BACKGROUND
This action involves a dispute over the 
 last twenty feet of a road known as Catrina Lane.  In 1966, the Richeys built 
 Catrina Lane when they sold an acre of their land to their daughter and her 
 husband.  The deed describes the lot as being bordered by the road.  The plat 
 that accompanied the deed shows the road with a forty-foot right-of-way leading 
 from Standridge Road to the northern line of the Richeys property.  The Anderson 
 County tax maps since 1982 show Catrina Lane running to the northern end of 
 the Richeys property.  The Richeys have not been assessed for the entire length 
 of Catrina Lane as shown on the maps.  Although the County has maintained the 
 road, by first putting tar and gravel on the road and later paving it with asphalt, 
 it did not maintain the last twenty feet at Mr. Richeys request.  A fence has 
 stood on the Richeys northern property line since 1936.  
On September 22, 2000, the Countys Public Works 
 Division Director wrote to Mr. Richey to inform him that the County intended 
 to grant the abutting property owners request to tie into Catrina Lane.  He 
 asserted the Countys right-of-way extends from the paved portion of Catrina 
 Lane to the property line.  He instructed Mr. Richey to remove the fence from 
 the Countys right-of-way or the County would remove it for him.  
In response, the Richeys brought this action seeking 
 a declaration that the County has no interest in the 20 by 40 feet strip at 
 the end of the paved portion of Catrina Lane.  The case was referred to the 
 master-in-equity.  The master held the entire length of Catrina Lane to the 
 Richeys northern property line had been dedicated to public use.   
The Richeys filed a motion to alter or amend, including 
 affidavits from their daughter and granddaughter stating that the length of 
 Catrina Lane as described in a County ordinance designating all county roads 
 being maintained by the County includes only the paved portion and not the disputed 
 strip.  The master found that even if he considered the affidavits over the 
 Countys objection, they would not change the outcome of the case.  He explained 
 the ordinance merely described the roads that the County was maintaining rather 
 than the extent of all County right-of-ways that were not being maintained as 
 roads.  The master reaffirmed his earlier ruling and denied the motion to alter 
 or amend.  This appeal follows.   
STANDARD OF REVIEW
The determination of whether property has been 
 dedicated to the public is an action in equity.  Tyler v. Guerry, 251 
 S.C. 120, 125, 160 S.E.2d 889, 891 (1968); Van Blarcum v. City of N. Myrtle 
 Beach, 337 S.C. 446, 450, 523 S.E.2d 486, 488 (Ct. App. 1999).  As an equitable 
 matter tried by a master alone, we may find the facts in accordance with our 
 own view of the preponderance of the evidence.  Townes Assocs., v. City of 
 Greenville, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976).  However, we are 
 not required to ignore the findings of the trial court, which heard and saw 
 the witnesses.  Van Blarcum, 337 S.C. at 450, 523 S.E.2d at 488.
DISCUSSION
The Richeys argue the master erred in ruling that 
 there was an implied dedication of the twenty-foot strip of land at the end 
 of Catrina Lane.  We disagree.  
Two elements are required to perfect dedication:  
 (1) the owners positive and unmistakable intent to dedicate the property to 
 public use, and (2) some form of public acceptance of the land offered for dedication.  
 Tupper v. Dorchester County, 326 S.C. 318, 326, 487 S.E.2d 187, 191-92 
 (1997).
The Richeys assert the evidence demonstrates that 
 they only intended to dedicate a portion of Catrina Lane.  It is generally held 
 that where land is divided into lots according to a plat thereof, showing streets, 
 and lots are sold and conveyed with reference to said plat, the owner thereby 
 dedicates the streets to the public.  Outlaw v. Moise, 222 S.C. 24, 30, 
 71 S.E.2d 509, 511 (1952).   The plat is not only evidence of the existence 
 of the dedication but also of the location of areas dedicated for public use.  
 Van Blarcum v. City of N. Myrtle Beach, 337 S.C. 446, 451, 523 S.E.2d 
 486, 489 (Ct. App. 1999).  In the present case, the Richeys conveyed a lot to 
 their daughter and son-in-law referencing a 1966 plat showing Catrina Lane extending 
 to the northern property line.  Mr. Richey further demonstrated his intent that 
 the road was dedicated to the public by requesting the County replace pipes 
 and resurface the road to resolve a watershed problem in a February 26, 1990 
 letter.  We find the record supports the masters conclusion that the road the 
 Richeys dedicated to the public extends to the northern property line.  
We next must determine whether the County accepted 
 the entire length of the road.  Under South Carolina law, where there is acceptance 
 of part of a road, the burden of proof shifts to the party seeking to prove 
 limited acceptance of the road.  Baugus v. Wessinger, 303 S.C. 412, 416, 
 401 S.E.2d 169, 172 (1991).  We find the Richeys have failed to meet this burden.  
 Acceptance may be implied by the public authority continuously using, working, 
 and repairing the road.  Tupper, 326 S.C. at 326, 487 S.E.2d at 192.  
 In addition acceptance and dedication may be demonstrated by the governmental 
 authority not assessing taxes on the land.  Id. at 327, 487 S.E.2d at 
 192.   Both of these modes of acceptance are demonstrated in the record.  The 
 Countys tax maps show Catrina Lane extending to the northern property line.  
 The County did not assess taxes on the entire length of the road as shown on 
 the maps, including the disputed twenty feet.  In addition, it is undisputed 
 that the County has maintained the road except for the last twenty feet.  The 
 Countys maintenance of the road stopped twenty feet before the property line 
 at Mr. Richeys request to allow him an unpaved area over which to move his 
 heavy machinery without damaging the surface of the road.  The Countys transportation 
 division director, Marshall Holt Hopkins, testified that until the County received 
 the abutting property owners request to tie into Catrina Lane, it did not have 
 a reason to pave to the property line.  He stated Mr. Richeys request had not 
 interfered with the Countys plans.  He explained that as long at the maintained 
 area served the people who lived along the road, it could have stopped anywhere.  

Hopkins and Thomas Jefferson Ricketson, the Countys 
 planning division director, both testified they believed the countys right-of-way 
 extended to the northern property line based on the 1966 plat filed by the Richeys.  
 According to Ricketson, a current county ordinance requires a cul-de-sac be 
 built when a road is not going to connect to another road.  With  Catrina Lane, 
 the pavement merely stops, evidencing an intent that the pavement would be continued 
 in the future.  
The Richeys assert the Countys own Ordinance No. 
 2001-007, which was passed during the pendency of this action, demonstrates 
 the Countys limited acceptance of Catrina Lane.  The ordinance identifies all 
 roads being currently maintained by the County.  It describes Catrina Lane as 
 being 1758 feet in length.  With their motion to alter or amend, the Richeys 
 submitted affidavits from their daughter and granddaughter, who asseverated 
 that by their measurements, the paved portion of the road was 1754 feet on one 
 side and 1758 feet on the other side.  We agree with the master that this recently 
 enacted ordinance does not negate the Countys past acceptance of the entire 
 length of the road as shown on the 1966 plat.  As the master found, the ordinance 
 merely described the roads the County was currently maintaining.  It does not 
 claim to describe the extent of all of the rights-of-way the County possessed 
 but did not maintain.
In conclusion, we find the Richeys intended to 
 dedicate the entire length of Catrina Lane, as shown on the 1966 plat to public 
 use.  We furthermore find the Richeys failed to meet their burden of proving 
 the Countys limited acceptance of the road.  Accordingly, the masters determination 
 that the public right-of-way extends to the Richeys northern property line 
 is 
AFFIRMED.   
 HUFF, STILWELL, and BEATTY, JJ., concur.