THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 

 
 
 The International Order of Foresters, Plaintiffs,
 v.
 Louise Johnson, Carrie B. Johnson, and Cecil Yonce, Jr., Defendants,Of 
 whom Carrie B. Johnson is,
 
 
 Appellant,
 
 

 

and

 

 
 
 Cecil Yonce, Jr., is,
 
 
 Respondent.
 
 

 

Appeal From Edgefield County
Clifton Newman, Circuit Court Judge

Unpublished Opinion No. 2005-UP-114
Submitted February 1, 2005  Filed February 
 14, 2005

AFFIRMED

 
 
 
Theo W. Mitchell, of Greenville, for Appellant.
Christian G. Spradley, of Saluda, for Respondent.
 
 
 

PER CURIAM:  Appellant Carrie Johnson argues 
 that the circuit court erred in granting summary judgment to respondent because 
 she never received notice of the hearing on the motion for summary judgment.  
 We affirm. [1] 
FACTS
The International Order of Foresters filed 
 an interpleader action against Louise Johnson, Appellant, and Respondent Cecil 
 Yonce, Jr., to determine who should be awarded the proceeds of the life insurance 
 policy of decedent Silvester Johnson, Appellants estranged spouse.  Appellant 
 was not named as a beneficiary to the policy, and the decedent executed an assignment 
 of the proceeds to Yonce.  Appellant alleged that Yonce committed fraud and 
 used undue influence over the decedent.  In discovery, Appellant refused to 
 admit that her husband signed the application for life insurance until she had 
 consulted a handwriting expert.  She alleged in her answer to the request to 
 admit that Yonce may have taken out policies of life insurance on other illiterate 
 workers.  
Yonce filed a motion for summary judgment, and 
 a hearing was scheduled for April 19, 2004.  Neither Appellant nor her attorney 
 appeared at the hearing, but the circuit court made the specific finding that 
 all the parties were properly served with notice according to the clerks office. 
 [2]   Yonce presented the affidavit of the insurance agent to the effect 
 that there was no undue influence and the decedent understood what he was signing.  
 The circuit court found Appellant had no interest in the matter because she 
 was not named a beneficiary and because the decedent took the life insurance 
 policy out on himself and then executed an assignment of the policy to Yonce.  
 The circuit court granted Yonces motion for summary judgment.   Nothing in 
 the record indicates that Appellant filed a motion for reconsideration or a 
 motion for relief from judgment.  This appeal follows.  
LAW/ANALYSIS
Appellant argues summary judgment was 
 improper because neither she nor her attorney were ever given notice of the 
 hearing as required by Rule 6(d), SCRCP. 
 [3]   We disagree.
Summary judgment is appropriate where 
 there is no genuine issue of material fact and it is clear the moving party 
 is entitled to a judgment as a matter of law.  Rule 56(c), SCRCP.  If further 
 inquiry into the facts is necessary to clarify application of the law, summary 
 judgment is not appropriate.  Tupper v. Dorchester Co., 326 S.C. 318, 
 325, 487 S.E.2d 187, 191 (1997).  Summary judgment should not be granted even 
 when there is no dispute as to evidentiary facts if there is dispute as to the 
 conclusion to be drawn from those facts.  Id.  The evidence and the 
 inferences therefrom must be viewed in a light most favorable to the non-moving 
 party.  Id.
As Appellant correctly points out, notice 
 of a hearing should be sent to all parties no later than ten days before the 
 hearing.  Rule 6(d), SCRCP.  Yonce alleges in his brief that Appellant was served 
 notice of the hearing on March 9, 2004, for the April 19, 2004, hearing.  There 
 is no evidence in the record regarding when Appellant was served.  The circuit 
 court, however, specifically found that notice of the hearing was properly given.  
 Despite the circuit courts ruling on the notice issue, Appellant failed to 
 complain before the circuit court in a Rule 59(e), SCRCP motion that she was 
 not served notice of the hearing.  Because she failed to raise this argument 
 before the circuit court, it is not preserved for appellate review.  Mize 
 v. Blue Ridge Ry. Co., 219 S.C. 119, 129-30, 64 S.E.2d 253, 258 (1951) (holding 
 that an issue not specifically raised by the appellant before the trial court 
 was not preserved for appellate review, regardless of the fact that the trial 
 judge addressed it).  
Further, even on the merits, we find the 
 grant of summary judgment was proper.  Viewing the evidence in the light most 
 favorable to Appellant, the life insurance policy on the decedent was executed 
 by the decedent to insure his own life, decedent executed a valid assignment 
 of the insurance proceeds to Yonce, and decedent never named Appellant a beneficiary 
 of the policy.  There is no evidence in the record of any fraud on Yonces part, 
 nor is there evidence that the decendents handwriting was forged on the life 
 insurance policy or the assignment.  Accordingly, there is no evidence which 
 supports Appellants claim to the proceeds.  Based on this evidence, we find 
 the circuit court correctly granted summary judgment in favor of Yonce.  
Accordingly, the circuit courts grant of summary 
 judgment is
 AFFIRMED.
ANDERSON, BEATTY, and SHORT, JJ., concur.

 
 
 [1] Because oral argument would not aid the court in resolving the issues 
 on appeal, we decide this case without oral argument pursuant to Rule 215, 
 SCACR.  

 
 
 [2] At the time of the summary judgment hearing, the Independent Order 
 of Foresters had deposited the proceeds of the life insurance policy with 
 the clerk of court and was no longer a party.  Also, Louise Johnson had failed 
 to answer the complaint and was in default.  The only remaining parties to 
 the action were Yonce and Appellant.   

 
 
 [3]   Appellant raises two issues on appeal, both of which deal with whether 
 it was appropriate for the circuit court to grant summary judgment where there 
 was no notice given.  Accordingly, we treat the issues as one.