THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
GB&S Corporation,       
Respondent,
 
 
 

v.

 
 
 
County of Florence, Karl Gene Smith, and HS, Inc.,       
Appellants.
 
 
 

Appeal From Florence County
Paula H. Thomas, Circuit Court Judge

Unpublished Opinion No. 2005-UP-171
Heard January 12, 2005  Filed March 9, 2005  

APPEAL DISMISSED

 
 
 
Brown W. Johnson, of Florence, for Appellant HS, Inc.
Charlie J. Blake, Jr., of Florence, for Appellants Florence County and Karl Gene Smith.
Kermit S. King, and David C. Shea, both of Columbia, for Respondent GB&S Corporation.
 
 
 

PER CURIAM:  The County of Florence through its treasurer, Karl Gene Smith (collectively, the County) sold GB&S Corporation property at a tax sale, after the propertys former owner, HS, Inc., became delinquent in taxes owed on the property.  GB&S brought this declaratory judgment action seeking to require the County to execute and deliver a tax deed for the property.  The County alone defended the matter in pre-trial proceedings, with HSs informal assistance, until the circuit court granted summary judgment to GB&S.  HS intervened during the pendency of the Countys motion for reconsideration, which was denied.  HSand presumably the Countynow appeal the circuit courts grant of summary judgment against the County.  We dismiss this appeal, finding: (1) the County abandoned its defense of this action in the circuit court; and (2) HS, which has never filed a pleading, failed to properly raise any of the issues on appeal before the circuit court.
FACTS/PROCEDURAL BACKGROUND
GB&S purchased property in Florence County through a tax sale in October 1996.   The property had been subject to the tax sale because its former owner, HS, owed delinquent taxes from the years 1994 and 1995.  However, the County later found the tax sale invalid and set it aside.
In June 1998, GB&S brought the present action against the County seeking declaratory judgment that the sale was valid.  The action also sought an order requiring that the County execute and deliver to GB&S a tax deed for the property.
The County answered in July 1998.  Its sole argument was the tax sale was invalid because the County failed to comply with South Carolina Code section 12-45-410, which requires [a]ny taxes paid by a delinquent taxpayer to a county treasurer or tax collector must be applied to the oldest chronological delinquency on the property for which payment was intended.  S.C. Code Ann. § 12-45-410 (2000) (the statute).  Specifically, the County argued it erroneously applied money paid by HS in 1996 to taxes due for the 1995 tax year rather than the older debt from the 1994 tax year, and that its non-compliance with the statute rendered the tax sale invalid.  Additionally, it admitted paragraph twelve of GB&Ss complaint that asserted HS received notice of the levy.  
In May 1999, GB&S moved for summary judgment, arguing the tax sale was valid as a matter of law because the undisputed facts indicated that even if the County had properly applied HSs delinquent tax payments pursuant to the statute, a deficiency would have remained.  The County responded, arguing its failure to strictly comply with the statute precluded a finding that GB&S was entitled to summary judgment as a matter of law.  HS elected not to intervene at this time, opting instead to monitor the litigation and lend assistance to the County.  
At the summary judgment hearing in January 2000, only attorneys representing GB&S and the County appeared.  The arguments before the able circuit judge were confined to those matters arising from the Countys failure to strictly comply with section 12-45-410.  Although the issue of notice was conceded in the Countys answer, a memorandum submitted to the circuit court contained a general challenge to the issue of proper notice.  Contrary to the admission in the Countys answer, the County furnished an affidavitprepared by an owner of HScontending that service on Donice Majors was insufficient, for she has never been an agent or in any way connected with HS, Inc.  The Countys memorandum conversely referred to Donice Majors as an agent for HS, Inc.  The issue of noticewith the Countys conflicting submissionswas not pursued at the hearing and the circuit court addressed only the issue argued at the hearing, that is, the Countys failure to strictly comply with section 12-45-410.  
The circuit court granted summary judgment to GB&S in March 2000, finding that even if the County had properly applied section 12-45-410, there would still have been due and owing an amount in excess of $406 for the tax year 1994 and $1,437.61 in taxes for 1995.  The court also found that [a]t no time prior to the tax sale were the property taxes paid in full.  The court declared the sale valid and ordered the County to issue a tax deed to GB&S.
The County made a motion to amend in March 2000.  Over three years later, HS filed a memorandum in support of the Countys motion.
During the pendency of the courts decision on the Countys motion for reconsideration, the County informed counsel for HS that it did not wish to continue participating in the litigation and the County was not particularly interested in seeing this decision overturned.  In response, HS made a motion to intervene in April 2000.  In an affidavit accompanying the motion, counsel for HS stated, among other things:

4.     [GB&Ss] suit did not include as a party HS, Inc., the former owner of the property and the delinquent taxpayer.

6.       HS, Inc. assisted [the County] in this action to the extent of providing information and an affidavit from the owner of HS, Inc. with the assurance from the [the County]  that the interest of HS, Inc. would be protected and the [the County] would vigorously defend the suit.
7.       After the Court issued a summary judgment in favor of  [GB&S], counsel for [the County] for the first time informed me that [the County] was not interested in seeing this decision overturned.  Therefore, in order to protect its interest, HS, Inc. should be allowed to intervene pursuant to Rule 24(a)(2) since HS, Inc. has an interest in the property and its interest will not be adequately represented by the existing party.  In fact, it appears the suit may be a friendly suit between the existing parties.

Judge Casey Manning granted HSs motion to intervene in October 2002.  
In June 2003, the circuit court held a hearing on the Countys motion for reconsideration, at which counsel for GB&S and HS were present.  However, no representative of, or attorney for, County of Florence appeared in spite of having received proper notice.  The court denied the motion for reconsideration.
HS appealed, and the County, at the behest of HS, executed the notice of appeal.  
DISCUSSION
This appeal presents a procedural morass.  HS seeks to posture itself as a proper party on appeal by claiming to represent not only its interests but also the interests of the County.  We reject the suggestion by counsel for HS at oral argument that he is also counsel of record for the County.  During the preliminary stages of the appeal process, GB&S sought dismissal of this appeal.[1]  Because the County had not filed an initial brief, this court sought to determine if the County claimed an interest in the appeal.  The court was informed that the Appellants had filed a joint initial brief.  Counsel for the Countyas listed in the caption of this opinionwrote the following letter to this courts docketing clerk:

I represent the County of Florence and Karl Gene Smith  My clients and HS, Inc. have filed a joint Brief, and I did not intend to file a separate brief. Please advise if you need any additional information.

Our review of the file further reveals the absence of a motion seeking substitution of counsel.  See Rule 235, SCACR (The attorneys  of the respective parties in the court below shall be deemed the attorneys  of the same parties in the appellate court until withdrawal is approved).  There is no support for the position that counsel for HS is counsel of record for the County.
We address the Appellants separately.
The County
The record leaves no doubt that the County abandoned its opposition to the grant of summary judgment to GB&S.  Following the grant of summary judgment and the filing of its reconsideration motion, the County, through counsel, made it perfectly clear that it was not interested in seeking reversal of the circuit courts summary judgment decision.  Counsel for the County failed to appear at the hearing on its reconsideration motion.  Counsel for the County even failed to appear at oral argument in this court.  A party may not abandon its position in the trial court and then resurrect it on appeal.   See State v. Benton, 338 S.C. 151, 156-57, 526 S.E.2d 228, 231 (2000), cert. denied 530 U.S. 1209 (2000) (An issue conceded in the trial court cannot be argued on appeal); Ex parte McMillan, 319 S.C. 331, 335, 461 S.E.2d 43, 45 (1995) (A party cannot acquiesce to an issue at trial and then complain on appeal).
HS
At the outset, HS sought to protect its interest by monitoring the litigation.  HS thus elected to allow the County to protect its interest.  Only when the County decided to throw the towel in did HS seek to intervene as a party pursuant to Rule 24, SCRCP.[2]  HS was granted leave to intervene and responded by filing a memorandum in support of motion to amend findings and judgment in support of GB&Ss reconsideration motion.  The circuit court, at the hearing on the Countys reconsideration motion, noted that HS had filed no pleading as mandated by Rule 24(c), SCRCP.[3]  The circuit court further found:

HS, Inc.[] has filed no pleading and therefore neither has raised nor joined any issue with [GB&S]; and HS, Inc.[] has filed no motion for reconsideration; and in the view of this Court, HS, Inc.[] has nothing pending before this Court as to which counsel for HS, Inc.[] should be permitted to argue or as to which the undersigned needs to render a decision.

We concur with the finding of the circuit court in this regard.  We do, however, accept HSs argument that its interest in the underlying property gave it standing to intervene.  Yet standing, by itself, does not a lawsuit make, nor does it satisfy all the requirements of intervention.  A party must take all proper steps to properly avail itself of the courts of this state.  HS has failed to do so and acknowledged at oral argument its noncompliance with Rule 24.
We further reject for two reasons the attempt of HS to borrow the appellate rights of the County.  First, an appellant may not preserve an issue for appeal by way of a co-defendants objection.  Tupper v. Dorchester County, 326 S.C. 318, 487 S.E.2d 187 (1997).  Secondly, the Countyhaving abandoned in the circuit court its right to challenge the grant of summary judgmenthas no appellate rights from which to borrow. 
This appeal is 
APPEAL DISMISSED.
HUFF, KITTREDGE, and BEATTY, JJ., concur.

[1]        Judge Cureton, on behalf of this court, denied the motion of GB&S to quash HS, Inc.s notice of appeal, with leave to renew the motion in its brief.  GB&S reasserted its motion to quash in its brief.
[2]        HS never sought to be substituted for the County.
[3]        HS has never filed a pleading in this case.