THE STATE OF SOUTH CAROLINA

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.

 
 
 
THE STATE OF SOUTH CAROLINA
In The Court of Appeals
S.W. Youngblood, W.M. & L.M. Loud, J.P &
T.J. Verkaik, A.E. & R.B. Wilson, C.J. & S.O. Anderson, and K.H. &
L.W. Svendsen, Respondents,
v.
County of Charleston, a political subdivision of the State of South Carolina,
Appellant.
 
 
 

Appeal From Charleston County
Mikell R. Scarborough, Master In Equity

Unpublished Opinion No. 2006-UP-373
Heard October 12, 2006  Filed November 2, 2006

AFFIRMED

 
 
 
Bernard E. Ferrara, Jr. and Joseph Dawson, III, both of N. Charleston, for Appellant.  
Melvin Richardson Hyman, Jr., of Charleston, for Respondents.
 
 
 

PER CURIAM:  In this property action, Charleston County appeals the order finding it failed to establish ownership of a right of way through public dedication.  The county also contends the master erred in finding the plat was not properly indexed and therefore did not provide Respondents with notice of the right of way.  We affirm.  
FACTS
In 1980, Alonzo Rouse owned land in Charleston County adjacent to several thousand acres owned by Georgia Pacific Corporation.  Rouse wanted to subdivide his land into several lots along a road then known as Old Sambo Road, now known as Julius Robertson Road.  In order to do so however, Charleston County regulations required frontage on a publicly dedicated fifty-foot right of way.  At the time, only a twenty-foot right of way existed.  
On October 21, 1981, Herbert Sass wrote a letter on behalf of Rouse to Richard George, General Manager of Georgia Pacific, seeking a thirty-foot dedication in order for Rouse to meet the countys subdivision requirements.  Georgia-Pacific is a Georgia company and at the time had a subsidiary, Georgia Pacific Investment Company (GPIC), an Oregon company.  The two companies were separate business entities that maintained separate corporate formalities; however, the companies shared a common officer, Hiram Mersereau.  Mersereau was senior vice president of Georgia Pacific and vice president of
GPIC.  
Apparently some confusion existed as to whether Georgia Pacific or GPIC owned the land Rouse sought for the dedication.  On July 13, 1981, on Rouses behalf, Forrest Calvert prepared a plat showing the proposed right of way.  The plat stated WE HEREBY DEDICATE . . . and under the dedication appeared the words Georgia Pacific Investment Company.  Under those words appears the signature of Mersereau, purporting to dedicate the right of way in his capacity as vice president of GPIC.  However, Georgia Pacific, not GPIC, held legal title to the land GPIC purportedly dedicated as the right of way.  The dedication provided:

We hereby dedicate this 50'[1] road right-of-way . . . to the use of the public forever.  The owners of these lots and their heirs and assigns, guarantee its maintenance until such time as it is accepted into a public maintenance system.  The approval of this plat in no way obligates the County of Charleston to accept the right-of-way for maintenance or construction.  

On November 1, 1982, the plat was recorded in the plat index under Rouses name.  On November 16, Charleston County Council approved the plat.  
On March 31, 1989, Georgia Pacific sold property, including the purported right of way, to Dunes West Joint Venture by special warranty deed.  Georgia Pacific did not exempt the purported easement from the deeds warranty provisions.  
Following a series of transfers that began in 1996, Beazer Homes purchased the land in 2001.  Beazer Homes developed and subdivided the property into six lots and sold them to Respondents by general warranty deeds.  None of the six deeds referenced or excluded the purported right of way.  Since 2001, Respondents have lived in their respective homes and paid taxes on their property.  As late as January 2005, the county has taxed Respondents property, including the portion of their lots the county claims is a public right of way.  
In 1996, the county proposed widening Julius Robertson Road by thirty feet.  The portion of property on which the county intended to widen the road is in Respondents back yards.  The county claimed ownership of the property through a publicly dedicated right of way.  
On November 25, 2002, in response to the countys claim of ownership, Respondents brought suit seeking a ruling that a right of way through public dedication did not exist because (1) the legal owner of the land did not perfect the dedication; and (2) the county did not accept the dedication.  Additionally, Respondents claimed they were bona fide purchasers without notice and were entitled to full ownership of their respective properties, including portions where the purported right of way existed.  
The county answered, contending inter alia, it acquired the right of way through a valid public dedication.  It further alleged Respondents had actual or constructive notice of the right of way because the plat was properly indexed.  
After a trial on March 3, 2005, the master found the county did not establish ownership of the right of way through public dedication because the legal owner of the property, Georgia Pacific, did not make the dedication.  Further, the master found the county did not accept the proposed dedication in 1982 because at the time, section 6-7-1070 of the South Carolina Code provided:  The approval of a plat by the local planning commission shall not be deemed to constitute or effect an acceptance by the municipality or the county or the public of the dedication of any street or other ground shown upon the plat.[2]  The master reasoned that even if Georgia Pacific intended to dedicate the right of way, because mere approval of the plat did not constitute acceptance, Georgia Pacific revoked the offer when it sold the land including the purported right of way.  Further, the master concluded the countys 1996 directive to widen Julius Robertson Road to include the area where the purported easement existed did not constitute acceptance because nothing was left to accept since (1) Georgia Pacific sold the land and (2) acceptance was not made within a reasonable amount of time.  
The master also found that, assuming the county had established a valid right of way through public dedication, the right of way was invalid against Respondents by virtue of the race-notice and indexing statutes.  The master found the plat that created the purported right of way was not properly indexed because it was not indexed under either Georgia Pacific or GPIC as grantor or under the county as grantee.  Therefore, because the plat was not properly indexed, the master concluded Respondents had no notice of the right of way.  Accordingly, Respondents were bona fide purchasers for value without notice and the right of way could not be asserted against them.  
STANDARD OF REVIEW
The determination of whether property has been dedicated to the public is an action in equity.  Van Blarcum v. City of N. Myrtle Beach,  337 S.C. 446, 450, 523 S.E.2d 486, 488 (Ct. App. 1999) (citing State v. Beach Co., 271 S.C. 425, 248 S.E.2d 115 (1978)).  Because this is an action in equity referred to a master for final judgment, we may find facts in accordance with our own view of the preponderance of the evidence.  Id. (citing Thomas v. Mitchell, 287 S.C. 35, 336 S.E.2d 154 (Ct. App. 1985)).  
LAW/ANALYSIS

 
 I.       Public Dedication
 The county argues the master erred in finding it had not acquired a right of way through a valid public dedication.   We disagree.
 In order to determine whether property has been dedicated for public use, the party seeking to establish the dedication must show [f]irst, the owner must
 express in a positive and unmistakable manner the intention to dedicate his property to public use.  Second, there must be acceptance of such property by the public.  Tupper v. Dorchester County, 326 S.C. 318, 326, 487 S.E.2d 187, 191-92 (1997) (citing Helsel v. City of N. Myrtle Beach, 307 S.C. 24, 413 S.E.2d 821 (1992)).  Further, because dedication is an exceptional manner of passing an interest in land[,] proof of dedication must be strict, cogent, and convincing.  Tupper, 326 S.C. at 326, 487 S.E.2d at 192.  
 Regarding the second element of perfecting a dedication, the acceptance must either be express or implied, and the acceptance must be made within a reasonable amount of time.  Helsel, 307 S.C. at 27, 413 S.E.2d at 823 (citing Outlaw v. Moise, 222 S.C. 24, 30, 71 S.E.2d 509, 511 (1952)).  Acceptance may be inferred from the publics continuous use of the property or a public authoritys maintenance of the property.  Van Blarcum, 337 S.C. at 451, 523 S.E.2d at 489 (citing Tupper, 326 S.C. at 326, 487 S.E.2d at 192). 
 In the present case, the plat purportedly granted the right of way to the use of the public forever.  The owners of these lots and their heirs and assigns, guarantee its maintenance until such time as it is accepted into a public maintenance system.  Further, the plat provides [t]he approval of this plat in no way obligates the County of Charleston to accept the right-of-way for maintenance or construction.  By the plain language of the plat, we find the dedication is to the public only.  The wording of the plat did not require any action on behalf of the county in order to accept the dedication.  Therefore, in this particular case, only the public could effectuate acceptance of the dedication and the only manner in which the public could have accepted the dedication would be through the publics continuous use of the right of way.  We find no evidence suggesting the public has used the property in any manner.  In fact, the evidence shows that the property has been fenced off from Julius Robertson Road and used as Respondents respective residential back yards.  
 Further, although not controlling on the issue of whether dedication has been accepted, the assessment of taxes is a factor to consider along with other evidence.  Van Blarcum, 337 S.C. at 452, 523 S.E.2d at 489 (citation omitted).  Here, taken together with the other evidence showing that the disputed right of way has been used by Respondents for their own private use, the countys continuous assessment and collection of taxes on the property prevents it from claiming the property has been accepted by the public.  
 Because we find there was no acceptance of the dedication, we need not address whether there was intent on the part of the actual owner, Georgia Pacific, to dedicate the property.  See Whiteside v. Cherokee County Sch. Dist. No. One, 311 S.C. 335, 340, 428 S.E.2d 886, 889 (1993) (finding an appellate court need not address remaining issues when resolution of prior issue is dispositive).
 II.      Indexing
 The county argues the master erred in finding that even if it had established the right of way had been publicly dedicated, the county could not assert its claim of ownership against Respondents because they were bona fide purchasers for value without notice.  We disagree.
 Section 30-9-40 of the South Carolina Code (Supp. 2005) provides that immediately after the filing of a written instrument the register of deeds or clerk of court shall enter it upon the proper indexes in his office, which constitute an integral, necessary, and inseparable part of the recordation of the deed, mortgage, or other written instrument for any and all purposes whatsoever.  Further, section 30-9-40 provides:

 The entries in the indexes required to be made are notice to all persons sufficient to put them upon inquiry as to the purport and effect of the deed, mortgage, or other written instrument so filed for
 record, but the recordation of a deed, mortgage, or other written instrument is not notice as to the purport and effect of the deed, mortgage, or other written instrument unless the filing of the instrument for record is entered as required in the indexes.

 (emphasis added).  According to Section 30-9-40 proper indexing supplies inquiry notice of an instrument, while recordation without proper indexing supplies no notice at all.  Thomas v. Thomas, 286 S.C. 294, 298, 333 S.E.2d 76, 78 (Ct. App. 1985) (citing Bradley v. Guess, 165 S.C. 161, 163 S.E.2d 466 (1932)).  
 Section 30-9-10 of the South Carolina Code (Rev. 1991) establishes the manner in which to accomplish proper indexing and provides that an instrument conveying land should be indexed, alphabetically, under the names of the grantor and grantee.  See S.C. Code Ann. § 30-9-10 ([R]eference shall be had by means of two indexes, both containing the year of registry, names of parties, . . . the alphabetical arrangement of one being according to the names of the parties who executed the writings and of the other according to the names of the parties to whom they were executed.).  When construed together, sections 30-9-10 and 30-9-40 require that for an instrument conveying an interest in land to provide notice it must be indexed alphabetically under the names of both the grantee and grantor.  
 Here, the plat was not properly indexed because it was indexed under the name of Rouse, who was neither grantor nor grantee of the extended right of way.  At trial, Respondents presented Lynda Sullivan as an expert witness in the area of title examination, chain of title, and real estate closing transactions.  She testified the plat was not indexed under the names Georgia Pacific, GPIC, or any variation thereof.  Nor was the plat indexed under the countys name as grantee.  She testified the plat was indexed under Rouses name, and he was neither grantor nor grantee of the disputed right of way.  Further, she testified that the common practice is to search the subject property but not adjoining properties.  Sullivan also testified that the plat creating the purported right of way was not in the chain of title for the property.  After reviewing the evidence we agree the plat was not properly indexed and, therefore, did not provide Respondents with notice that the county had a right of way in the properties Respondents subsequently purchased.  
 CONCLUSION
 For the foregoing reasons, we find the master correctly concluded that the county failed to establish public dedication of the right of way.  Further, we find the plat was not properly indexed and, thus, failed to provide Respondents with notice.  As bona fide purchasers for value without notice, the countys claim of ownership of the right of way cannot prevail as against Respondents titles.  The masters order is 
 AFFIRMED.  
 HEARN, C.J., STILWELL, and KITTREDGE, JJ., concur.

[1]        The actual purported dedication is only thirty feet.  
[2]        This statue was repealed in 1999.  See 1994 Act No. 355, § 2, effective May 3, 1999.